Weygandt, C. J.
 

 The insurance company raises numerous questions, the first of which is procedural and arises by reason of the fact that in her first step against the company the plaintiff made the mistake of instituting a new and separate action, as formerly permitted, instead of filing simply a supplemental petition in the - original case, as provided by Section 9510-4, General Code, in its amended form.
 

 This statute itself fixes no limitation of time within which such a supplemental petition may be filed, but the policy here involved provides that “no * * * action * * * shall be maintained * * * against the company * * * in any event unless brought within twelve (12) months after such loss shall.be ascertained * * * .” The plaintiff’s new and separate action'was instituted well within the period of one year after the date of her tort judgment, but her supplemental petition was not filed until nearly five months after the year had elapsed. ..She suggests two solutions .of this difficulty. First, she insists that the restriction in the policy is ineffective since it is shorter than the statute of limitation. However, this contention does not seem., to .have been presented-in either
 
 *115
 
 of the lower courts and was not discussed or decided. Furthermore, it is not now necessary to decide this question, inasmuch as this court is in agreement with the plaintiff and the lower courts as to her second solution of the problem. She contends that even if the shorter limitation of the policy be assumed to take precedence over the longer statutory period, her supplemental petition is entitled to the benefit of the saving provision of another statute, Section 11233, General Code, which relates to the commencement of actions and reads in part as follows:
 

 “In an action commenced, or attempted to be commenced, if * * * the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of *! * * failure has expired, the plaintiff * * * may commence a new action within one year after such date, and this provision applies to any claim asserted in any pleading by defendant * * V’
 

 The contention of the plaintiff is that her new and separate action against the company failed otherwise than upon the merits. She says that the company filed’ a demurrer to her new petition, and that when she discovered her mistake in instituting a separate suit, the demurrer was sustained by agreement, and on the same day she proceeded to file her supplemental petition in the original action. The company insists that there was no agreement in connection with sustaining the demurrer. Be that as it may, the journal is in general terms and shows simply that the demurrer was sustained and the petition dismissed. There is nothing to show that the plaintiff’s cause was considered substantively on the merits. The plaintiff’s chief difficulty was that her petition was mislabeled and misnumbered, thereby constituting a typical instance of failure otherwise than upon the merits. However, the company contends further that this statute relat
 
 *116
 
 ing to the commencement of actions is wholly ineffective in the face of the one year provision in the policy. But this court finds no basis for engrafting on this broad and unambiguous statute an implied exception that would produce the regrettable result of denying to some litigants the right to commence a new action after a previous one has failed otherwise than upon the merits. On the contrary, this court in the case of
 
 Pittsburgh, C., C. & St. L. Ry. Co.
 
 v.
 
 Bemis,
 
 64 Ohio St., 26, 59 N. E., 745, held that this Section 11233, General Code, should be liberally construed in order that controversies shall be decided upon important substantive questions rather than upon technicalities of procedure.
 

 The company’s next contention is that the policy was not in effect when the collision occurred at 11:30 p. m., March 6, 1935. This question arises by reason of the failure of the company to specify the hour at which the insurance was to expire. The policy contained the definite provision that the insurance became effective at 12:00 o’clock noon on September 6, 1934. This was followed by the statement that such insurance “shall continue in full force and effect for the initial term of six (6) months and for such succeeding terms of six (6) months each as the guaranteed premium and/or premium is maintained or restored and/or paid as required by this policy.” The company contends that by inference the insurance expired at 12:00 o ’clock noon March 6, 1935. The plaintiff’s view is that if the coverage was terminated,on that day, the hour was 12:00 o’clock midnight at the end of that day. As above indicated, the collision occurred at 11:30 p. m. on that day.
 

 In answering this question it is necessary to keep in mind the settled general rule that in case of ambiguity in an insurance policy the construction adopted must be most favorable to the insured; the language
 
 *117
 
 employed is that of the company, and it is consistent with both reason and justice that any fair doubt as to the meaning of its own words should' be resolved against it.
 
 Stroehmann
 
 v.
 
 Mutual Life Ins. Co. of N. Y.,
 
 300 U. S., 435, 81 L. Ed., 732, 57 S. Ct., 607;
 
 Mutual Life Ins. Co. of N. Y.
 
 v.
 
 Hurni Packing Co.,
 
 263 U. S., 167, 68 L. Ed., 235, 44 S. Ct., 90. Next is the equally well settled general rule summarized as follows in 39 Ohio Jurisprudence, 196, Section 10, under the subject of computation of time:
 

 “Fractions of a day are not generally considered in the legal computation of time, and the day on which an act is done or an event occurs must be wholly included or excluded.
 

 “The term ‘day,’ in law, embraces the entire day, and refers to a day as a unit of time, not as an aggregation of a certain number of hours, minutes, or seconds. In this sense, and for the purpose thus used, a day is not capable of subdivision into hours, minutes, or seconds, but is to be taken as a whole. In such computations the hours are not counted to ascertain whether a period of twenty-four hours or a given number of such periods have elapsed between the act to be done and the day from which the time is to begin running. The fractions of the days are no more taken into consideration than are the fractions of the seconds. The consequence is that every day and every part of that day is, by this rule, one day before every part of the succeeding day. The last moment of any day is, in contemplation of law in such cases, one day before the first moment of the next day, although the elapsed time is infinitesimal. The rule is strictly one of convenience. Any other method of computation would require an accurate account to be kept of the exact hour, minute, and second of the occurrence of the act to be timed, would produce endless confusion and strife, and would prove impolitic, if not wholly impracticable.”
 

 
 *118
 
 Likewise, in
 
 the
 
 recent case of
 
 Garelick
 
 v.
 
 Rosen,
 
 274 N. Y., 64, 8 N. E. (2d), 279, the following pertinent observation was made with reference to the expiration of an insurance policy:
 

 “We believe that it is a matter of common knowledge as well as a principle of law that a contract which, by its terms, expires on a certain day, remains in force for the whole of that day unless by its express wording is limited to a certain time of the day upon which it expires. In the absence of an express limitation, the law does not take notice of a fraction of a day. ’ ’
 

 The company places reliance upon premium notices sent to the insured, Monnin, indicating that the insurance would expire at noon March 6, 1935. But, of course, these notices were no part of the policy and could not alter its terms.
 

 A fact to be noted is the failure of the company to treat the policy as having expired either at noon or at midnight on March 6th. According to the evidence, on March 5th Monnin wrote a check payable to the company for the amount of the premium for the next six months. Subsequently this check was mailed to the company and received by it March 8th. Instead of returning the check, the company cashed it and retained the money. Furthermore, the company did not cancel the policy; it did not notify Monnin that his policy had lapsed; it waived the reinstatment fee of $1 required by the policy; it required no written application for reinstatement of the policy. This conduct hardly can be reconciled with any theory of lapse or cancellation.
 

 Another complaint of the company is that it was not notified of the collision in the manner required by the policy. However, the company both formally through the home office and informally through its local agent denied liability; and under the settled rule in this state such a denial constitutes a waiver of notice and proof of loss.
 

 
 *119
 
 Consistent with these views the judgments of the lower courts must be affirmed.
 

 Judgment affirmed.
 

 Zimmerman, Bell and Turner, JJ., concur.
 

 Matthias and Hart, JJ., dissent.
 

 Williams, J., not participating.