The STATE of Ohio, Appellant,

v.

BOWMAN, Appellee.

[Cite as *State v. Bowman* (1996), 108 Ohio App.3d 276.]

Court of Appeals of Ohio,
Fifth District, Tuscarawas County.

No. 95AP060043.

Decided Jan. 3, 1996.

*Robert C. Urban, Jr.,* New Philadelphia Assistant Prosecuting Attorney, for appellant.

*Willard K. Hanner,* for appellee.

---

WISE, Judge.

On May 17, 1992, appellee Dale E. Bowman was arrested for operating a motor vehicle with a prohibited breath-alcohol content in violation of R.C. 4511.19(A)(3). Appellee Bowman filed a motion to suppress the results of the breath test on the basis that the state failed to comply with Ohio Adm.Code 3701–53–04(A). This section requires that the BAC verifier be calibrated "no less frequently than once every seven days." The parties stipulated that the breath-testing instrument used in this case was calibrated on May 10, 1992, at 6:09 a.m. Appellee was tested on May 17, 1992, at 3:24 a.m. The BAC verifier was not calibrated again until May 17, 1992, at 6:20 a.m.

The trial court granted appellee's motion to suppress. Appellant timely filed its notice of appeal and sets forth the following assignment of error:

"I. The trial court erred in granting the defendant-appellee's motion to suppress the results of the breath test when the state substantially complied with Ohio Administrative Code Section 3701–53–04(A) which requires calibration of the BAC verifier every seven days."

I

Appellant makes two separate arguments on appeal. The state first asserts that it complied with Ohio Adm.Code 3701–53–04(A) because the calibration test was conducted within seven consecutive calendar days. The machine was calibrated on May 10, 1992, and again on May 17, 1992. The state maintains that the Administrative Code does not require seven consecutive twenty-four hour periods, such that the test in this case had to be conducted by 6:09 a.m. on May 17, 1992.

Second, the state maintains that if the Code is interpreted to require seven consecutive twenty-four hour periods, *i.e.,* requiring the calibration to be performed no later than 6:09 a.m. on May 17, 1992, the state substantially complied with this requirement since the calibration occurred at 6:20 a.m., only eleven minutes late.

In reviewing a trial court decision to suppress certain evidence, we apply an abuse-of-discretion standard. *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343. In the case *sub judice* we interpret the word "days,"

as used in the Administrative Code, to mean a twenty-four-hour period of time beginning at 12:00 a.m. and ending twenty-four hours later at 12:00 a.m. We do not interpret a "day" to be a series of consecutive twenty-four periods beginning at the minute the initial calibration is performed and ending exactly one hundred sixty-eight hours later.

Although the appellate courts in Ohio are in conflict on this issue, we find support for our interpretation in the case of *Greulich v. Monnin* (1943), 142 Ohio St. 113, 26 O.O. 314, 50 N.E.2d 310. This case provides that " '[f]ractions of a day are not generally considered in the legal computation of time * * *.' " *Id.* at 117, 26 O.O. at 316, 50 N.E.2d at 312. Such an analysis follows the general rule that when a statute or regulation uses a certain time period, whether hours, days, weeks, months, or years, counting is done only in terms of units of that time period and any act done during the duration of the last time period is timely. *State v. Waugh* (June 17, 1991), Gallia App. No. 90 CA 24, unreported, 1991 WL 110226.

This analysis is also consistent with how a "day" is treated for purposes of the various statute of limitations set forth in the Ohio Revised Code. Under the Revised Code, a "day," for purposes of filing a cause of action, is interpreted to extend to the end of the calendar day. The cause of action is not terminated at a certain hour and minute on the final day.

The BAC verifier was calibrated within one week from the date of May 10, 1994, on the seventh day. Thus, the trial court abused its discretion when it dismissed the charges against appellee.

For the foregoing reasons, the judgment of the New Philadelphia Municipal Court, Tuscarawas County, Ohio, is hereby reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

FARMER, P.J., and READER, J., concur.