[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 452.]

INTERNATIONAL PERIODICAL DISTRIBUTORS, APPELLANT, *v.* BIZMART, INC.,

D.B.A. OFFICEMAX, APPELLEE.

[Cite as *Internatl. Periodical Distrib. v. Bizmart, Inc.*, 2002-Ohio-2488.]

*Commercial transactions—R.C. 1302.98(C) is the saving statute to be applied to a commercial sales action.*

(No. 2001-0615—Submitted February 26, 2002—Decided June 12, 2002.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 77787.

_____

SYLLABUS OF THE COURT

The saving statute to be applied to a commercial sales action is R.C. 1302.98(C).

_____

MOYER, C.J.

{¶1} International Periodical Distributors ("International") appeals the judgment of the Cuyahoga County Court of Appeals affirming the trial court's summary judgment for defendant, Bizmart, Inc., d.b.a. OfficeMax, in a breach-of-contract action.

{¶2} On January 4, 1995, International filed a breach-of-contract action complaint against Bizmart to recover $85,626 for magazines that International had sold and delivered to Bizmart over the course of several years. Bizmart filed an answer and deposed International's accounts receivable manager in an attempt to verify when the deliveries had been made to Bizmart. The manager was questioned regarding International's account ledger that identified the unpaid amounts for magazines delivered to Bizmart between 1991 and September 1993. On December 3, 1996, International voluntarily dismissed its action against Bizmart without prejudice.

**{¶3}** On December 2, 1997, International refiled its breach-of-contract action against Bizmart that it had voluntarily dismissed in December 1996.

**{¶4}** Bizmart filed a motion for summary judgment asserting that International's claim was barred by the four-year statute of limitations in R.C. 1302.98(A) and that the six-month saving provision of R.C. 1302.98(C) did not apply to the filing of International's second complaint. The trial court granted Bizmart's motion for summary judgment and International appealed.

**{¶5}** The court of appeals affirmed, holding that a separate limitations period applies to each delivery of magazines between August 1991 and September 1993. The parties do not appeal this holding. The court of appeals applied the saving provisions of R.C. 1302.98(C) instead of the general saving provision of R.C. 2305.19, and affirmed the trial court's conclusion that International's claims were barred under the statute. The cause is now before this court upon the allowance of a discretionary appeal.

**{¶6}** The issue before this court is whether R.C. 1302.98(C) or R.C. 2305.19 applies to a voluntarily dismissed commercial sales action alleging nonpayment for goods.

**{¶7}** Savings statutes may apply when a claim filed within the time required by a statute of limitations is dismissed without prejudice but the statute of limitations on the claim has already expired. Savings statutes operate to give a plaintiff a limited period of time in which to refile a dismissed claim that would otherwise be time-barred. We have stated that savings statutes should be liberally construed so that cases are decided on the merits rather than upon technicalities of procedure. See *Cero Realty Corp. v. Am. Mfrs. Mut. Ins.* Co. (1960), 171 Ohio St. 82, 85, 12 O.O.2d 92, 167 N.E.2d 774; *Greulich v. Monnin* (1943), 142 Ohio St. 113, 116, 26 O.O. 314, 50 N.E.2d 310.

**{¶8}** The claims asserted by International were for transactions in goods and were therefore subject to the provisions of Article II of the Uniform Commercial

Code ("UCC"), codified in Ohio as R.C. Chapter 1302. See R.C. 1302.02. On December 3, 1996, when International dismissed its claim against Bizmart, the four-year statute of limitations of R.C. 1302.98(A) had expired on all of the deliveries made prior to December 3, 1992. Therefore, an applicable saving statute could be applied to these claims. However, as International admits, the limitations period had not expired for all of the deliveries made on and after December 3, 1992. A saving statute cannot save these claims because, when International dismissed the actions, the statute of limitations had not yet expired.

{¶9} The issue is which saving statute should be applied to the claim for all deliveries made prior to December 3, 1992.

{¶10} International argues that the general saving statute, R.C. 2305.19, should apply to its claims. Bizmart, conversely, contends that the UCC saving provision, R.C. 1302.98(C), should control.

{¶11} R.C. 2305.19 states:

{¶12} "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date."

{¶13} International argues that R.C. 2305.19 should apply to revive certain of its claims that were dismissed on December 3, 1996, and refiled on December 2, 1997. International concedes that under this theory, only those claims relating to goods sold on or after December 3, 1992, would be revivable. If we were to apply R.C. 2305.19, those claims would be saved, since International's complaint was refiled within the one-year saving period.

{¶14} The pertinent sections of R.C. 1302.98 read as follows:

{¶15} "(A) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. * * *

**{¶16}** "* * *

**{¶17}** "(C) Where an action commenced within the time limited by division (A) of this section is so terminated as to leave available a remedy by another action for the same breach, such other action may be commenced after the expiration of the time limited and within six months after the termination of the first action unless the termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute."

**{¶18}** Bizmart contends that because this is a commercial sales case, the UCC's saving provision, R.C. 1302.98(C), should apply. R.C. 1302.98(C) gives a six-month grace period for plaintiffs to refile certain expired claims. Bizmart argues that International refiled its claim well after the six-month saving period and therefore International's claim is barred.

**{¶19}** International argues that R.C. 1302.98(C) is actually not a saving statute and thus R.C. 2305.19 must be applied as the general saving statute provided in the Revised Code. Specifically, International focuses on the portion of R.C. 1302.98(C) referring to "an action commenced within the time limited by division (A) of this section [that] *is so terminated as to leave available a remedy by another action.*" (Emphasis added.) International seems to reason that this phrase means that a plaintiff has an additional six months to refile a dismissed claim when the original four-year limitations period has not yet expired, and therefore R.C. 1302.98(C) is not a "saving" statute. However, the fault in International's argument is that it would render that portion of the statute superfluous. A court must presume that the legislature intended the entire statute to be effective. R.C. 1.47(B).

**{¶20}** Our reading of R.C. 1302.98(C) causes us to conclude that it is a saving statute. The only substantive difference between R.C. 1302.98(C) and 2305.19 is the period of time provided a plaintiff to refile after the limitations period has expired. Although not controlling, the Legislative Service Commission's summary of R.C. 1302.98(C) supports that conclusion: "[(C)] is new, but is

4

comparable to R.C. 2305.19 which allows a period of one year where an action has been terminated other than on the merits." Also supportive of the conclusion is the Official Comment to the UCC, which states, "Subsection (3) [(C) in Ohio] states the saving provision included in many state statutes and permits an additional short period for bringing new actions, where suits begun within the four year period have been terminated so as to leave a remedy still available for the same breach."

{¶21} Having verified the saving function of R.C. 1302.98(C), we turn to the only remaining question, i.e., whether R.C. 1302.98(C) or 2305.19 should be applied to the case at bar. It is undisputed that the underlying contract was for a sale of goods. The UCC therefore controls this case. The purposes of the UCC are clearly stated in R.C. 1301.02:

{¶22} "(A) Chapters 1301., 1302., 1303., 1304., 1305., 1306., 1307., 1308., 1309., and 1310. of the Revised Code shall be liberally construed and applied to promote their underlying purposes and policies.

{¶23} "(B) Underlying purposes and policies of those chapters are the following:

{¶24} "(1) To simplify, clarify, and modernize the law governing commercial transactions;

{¶25} "(2) To permit the continued expansion of commercial practices through custom, usage, and agreement of the parties;

{¶26} "(3) To make uniform the law among the various jurisdictions."

{¶27} Moreover, the Official Comment to UCC Section 2-725 (R.C. 1302.98) states that "[t]he purpose of this section is to introduce a uniform statute of limitations for sales contracts, thus eliminating the jurisdictional variations and providing needed relief for concerns doing business on a nationwide scale whose contracts have heretofore been governed by several different periods of limitation depending upon the state in which the transaction occurred."

**{¶28}** The purposes served by adoption of R.C. Title 13 are applicable here. We are not persuaded that Ohio should stand apart from the vast majority of states that have adopted the UCC. The statute clearly applies to the facts before us and we therefore hold that R.C. 1302.98(C) is the saving statute to be applied to a commercial sales action.

**{¶29}** The trial court did not err when it applied R.C. 1302.98(C) to dismiss the complaint filed by International on December 2, 1997.

**{¶30}** It should be noted that International's complaint would have been barred even if International had refiled before the six-month deadline. The saving provision of R.C. 1302.98(C) indicates that a claim can be refiled within six months of dismissal "unless the termination resulted from voluntary discontinuance." International voluntarily dismissed its first complaint and therefore would not have been permitted to file a second complaint after the statute of limitations had run.

**{¶31}** For the foregoing reasons, the judgment of the court of appeals is affirmed.

Judgment affirmed.

RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., concurs in judgment only.

DOUGLAS, J., dissents.

_____

Newman & Newman, Joel I. Newman and Paula J. Goodrich, for appellant.

Baker & Hostetler, L.L.P., and Kyle B. Fleming, for appellee.

_____

6