[Cite as *State v. Johnson*, 2016-Ohio-4934.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-150595 |
| | | C-150596 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-1403701 |
| | | B-1405760 |
| vs. | : | |
| | | *O P I N I O N.* |
| JEREMY JOHNSON, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed in Part, Reversed in Part, and Appellant Discharged in Part in C-150595; Affirmed and Cause Remanded in C-150596

Date of Judgment Entry on Appeal: July 13, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Scott A. Rubenstein* and *John D. Hill, Jr.*, for Defendant-Appellant.

**DEWINE, Judge.**

{¶1}    Jeremy Johnson was convicted of multiple counts of rape and gross sexual imposition ("GSI") for acts involving three young girls.  He molested one of the girls on the day of her 13th birthday.  Under Ohio law, sexual conduct by an adult with a child under 13 constitutes rape; sexual contact with a child under 13 constitutes GSI. The primary question in this appeal is whether one turns 13 at 12:01 a.m. on the 13th anniversary of the day of one's birth or exactly 13 years after the moment of one's birth. We conclude that it is the former, and as a result, we must reverse one of the GSI and one of the rape convictions.

{¶2}    Mr. Johnson raises several other issues on appeal–including challenges to the weight of the evidence for one of his other convictions, the joinder of indictments and the effectiveness of his counsel.  We find no merit to any of these arguments.  There is, however, a clerical error in his sentencing entry that needs to be corrected.  Thus, we vacate the improper rape and GSI convictions, remand for correction of the sentencing entry and affirm in all other respects.

## I. Background

{¶3}    The trial in this matter involved three victims, D.W., Ar.L. and Aa.L., all of whom were part of Johnson's extended family.  The charges relating to D.W. occurred in 2014 and were indicted in the case numbered B-1403701.  The charges involving the other victims date back to 2007, 2008 and 2009.  They were indicted in the case numbered B-1405760.  Both cases were consolidated for trial.

### A. Crimes Against D.W.

{¶4}    Mr. Johnson was indicted on five felonies for crimes against D.W.  The charges relate to two distinct time periods.  Counts one and two were for rape and GSI

for acts that occurred between March 1 and March 15, 2014. The other three felonies were for crimes that occurred on March 16, 2014, the day of D.W.'s 13th birthday. Counts three and five were for rape and GSI. Count four was for unlawful sexual conduct with a minor.

{¶5} At trial, D.W. testified about an incident that occurred between March 1 and 15. She stated that Johnson invited her into a dark bedroom where he was lying on a bed. He then grabbed her around the waist, pulled down her pants, sat her on his lap and began "humping on" her. When asked, she said that this happened "a lot of times" before her birthday. She then testified that he had digitally penetrated her anus.

{¶6} D.W. turned 13 on March 16, 2014. Her extended family had begun gathering the previous night to celebrate her birthday. At 3 a.m. on the 16th, D.W.'s cousin, D.H., discovered Johnson with D.W. in a bedroom. He testified that he saw D.W.'s butt in the air with Johnson behind her and moving her. Later that day, D.W.'s mother took her to Cincinnati Children's Hospital. A rape kit developed at the hospital revealed semen that matched Johnson's DNA. At trial, D.W. testified that Johnson had taken out his penis and started humping her, and then vaginally raped her.

### B. Crimes Against Ar.L. and Aa.L.

{¶7} The other charges involved two sisters, Ar.L. and Aa.L. The abuse came to light in February 2014 when Ar.L. told a counselor she had been abused by her cousin Jeremy. Ar.L. testified that, in 2007, when she was seven, Jeremy would have her sit on his lap straddling him and tell her to do sit ups. Each time she would sit up he would poke her privates over her clothes. One night when she was getting ready to go to sleep, Jeremy touched her under her clothes and digitally penetrated her vagina. She also testified that Jeremy molested her several times over her clothing the following year.

{¶8}    Aa.L. told a similar tale of being abused by Jeremy in 2009, when she was seven.  Jeremy was babysitting her, and they were watching a movie.  After everyone else fell asleep, Jeremy took her into another room, removed her clothing and rubbed his hands on her chest and between her legs.

{¶9}    After learning the details of the abuse, Ar.L. and Aa.L.'s mother contacted family members through Facebook to find the identity of "Jeremy."  Mr. Johnson was already under investigation for his crimes involving D.W., so a family member gave her contact information for the detective who was working on D.W.'s case.  Mr. Johnson was ultimately indicted for his crimes with Ar.L. and Aa.L., and that case was joined with the case involving D.W.

### C. Convicted for Multiple Sex Crimes and Sentenced to Life in Prison

{¶10}    Under Ohio law, sexual conduct with a minor under 13 constitutes rape.  R.C. 2907.o2(A)(1)(b).  Similarly, sexual contact with a minor under 13 constitutes gross sexual imposition.  R.C. 2907.05(A)(4). All of the rape and GSI charges against Johnson were charged under these sections, relieving the state of any need to show coercion or force.

{¶11}    One issue at trial was whether D.W. was under 13 for purposes of the events that occurred on her birthday.  The prosecutor argued that D.W. was born at 1:48 p.m. on March 16, 2001, and, therefore, she was only 12 years old at 3:00 a.m when the assault occurred.  The prosecutor thus urged the jury to find Johnson guilty of the rape and GSI charges for this date, and not guilty of the charge of unlawful sexual conduct with a minor.  (The unlawful sexual conduct charge required a finding that the child was 13 or older but less than 16.)

{¶12}    The jury apparently accepted the prosecutor's logic and found Johnson guilty of the rape and GSI crimes that occurred on her birthday, and not guilty of the

4

unlawful-sexual-conduct charge. It also found Johnson guilty of the rape and GSI charges for the period before her birthday.

{¶13} For his conduct involving Ar.L., the jury found Johnson guilty of two counts of GSI and one count of rape involving a victim under age ten. He was also found guilty of one count of GSI as to Aa.L.

{¶14} The trial court sentenced Johnson to life without the possibility of parole for the rape of Ar.L., a sentence the court was authorized to impose because the victim was under ten years old. *See* R.C. 2907.02(B). It sentenced Johnson to concurrent five-year terms for each of the three GSI convictions under that case number.

{¶15} In the case number involving D.W., the court sentenced Johnson to ten years on each of the rapes of D.W., to be served consecutively. It also sentenced Johnson to concurrent five-year terms for each of the GSI convictions. The judge did not explicitly order that the sentences in the case involving D.W. be served consecutively to the life sentence imposed in the other case, so under Ohio law, the sentences in the two cases will be served concurrently. *See* R.C. 2929.41(A).

## II. The Birthday Question

{¶16} In his first assignment of error, Mr. Johnson asserts that the state presented insufficient evidence to sustain counts three and five of the indictment involving D.W. because it failed to establish that she was under 13 on March 16. We agree.

{¶17} Ohio follows the common-law principle that fractions of a day are not considered when computing time. *Greulich v. Monnin*, 142 Ohio St. 113, 116-17, 50 N.E.2d 310 (1943). The Ohio Supreme Court has explained "the term 'day' in law, embraces the entire day," and thus "is not capable of subdivision into hours, minutes, or seconds, but is to be taken as a whole." *Id.* "Any other method of computation would

5

require an accurate account to be kept of the exact hour, minute, and second of the occurrence of the act to be timed, would produce endless confusion and strife, and would prove impolitic, if not wholly impracticable." *Id.* at 117, quoting 39 Ohio Jurisprudence, Computation of Time, Section 10, at 196 (1943).

{¶18} This rule has been widely followed. For example, the Third and Fifth Appellate Districts have held that a person is deemed to have turned 18 at 12:01 a.m. on the day of his birth, rather than at the precise time of his birth. *State v. Yarger*, 181 Ohio App.3d 132, 2009-Ohio-543, 908 N.E.2d 462, ¶ 18 (3d Dist.); *State v. Clark*, 84 Ohio App.3d 789, 792, 618 N.E.2d 257 (5th Dist.1993). In a similar case out of Florida, the court found that the victim in a sexual-battery case turned 12 at 12:01 a.m. based on the same no-fraction-of-a-day rule. *Velazquez v. State*, 648 So.2d 302 (Fla.Dist.Ct.App.1995), *disapproved on other grounds*, *Welsh v. State*, 850 So.2d 467 (Fla.2003).

{¶19} We see no reason to disrupt this established rule. For legal purposes, D.W. turned 13 at 12:01 a.m. on March 16th. On appeal, the state does not seriously dispute this proposition; rather, it suggests that even if we follow the common-law rule, we should still sustain the conviction because the indictment stated that the acts occurred "on or about" March 16. In light of this language, it argues that the jury was free to rely upon testimony about acts occurring prior to March 16 to find Johnson guilty of the crimes charged. But this new argument on appeal is directly contrary to the argument the state made to the jury. It told the jury to find Johnson guilty of counts three and five for the events that occurred on March 16, because they occurred just before she turned 13.

{¶20} The jury did what the state asked. Undoubtedly, it convicted Johnson for the acts that occurred on March 16. Because she was not under 13 on that date, the

state failed to establish sufficient evidence of the essential elements of counts three and five.

{¶21}   Mr. Johnson's first assignment of error is sustained.  The convictions for counts three and five are vacated, and Mr. Johnson is discharged on those counts.

### III. Conviction for Other Rape of D.W.:  Weight of the Evidence

{¶22}   In his second assignment of error, Mr. Johnson asserts that his conviction for raping D.W. between March 1 and 15 was against the manifest weight of the evidence.   At trial, D.W. testified that Johnson had anally raped her.  Mr. Johnson argues that D.W.'s testimony was "highly problematic," "contradictory" and elicited only after a "highly suggestive line of questioning."

{¶23}   D.W. testified as follows:

PROSECUTOR: Okay. Did he proceed, when he was humping on you, to touch your butt, your butt hole with his penis?

D.W.: No, he touched my butt with his hand.

PROSECUTOR: He touched your butt with his hand. Did his penis go in your butt hole?

D.W.: No.

PROSECUTOR: So it was always in the front area?

D.W.: Yes.

PROSECUTOR: Do you recall speaking with Detective Best about this?

D.W.: Yes.

PROSECUTOR: Do you recall telling her that he additionally rubbed his penis on your butt hole area?

D.W.: Yes.

PROSECUTOR: Okay. I need to know whether that's true or not. Did he put his penis near your rear, your butt hole area?

D.W.: Yes, he put it, like, in the middle of my private area and my butt area.

PROSECUTOR: So both, correct?

D.W.: Yes.

* * *

PROSECUTOR: Okay. All right. I know it's hard to talk about, but when he put his penis near your butt area, your butt hole area, was his penis right around it or on it?

D.W.: It was on my private part of my butt.

PROSECUTOR: Okay. And he was making a humping motion when he was doing this?

D.W.: Yes.

PROSECUTOR: All right. Did you feel it at all go in - -

D.W.: Yes.

PROSECUTOR: --your anus, or, I'm sorry, your butt hole area?

D.W.: Yes.

PROSECUTOR: Even if just a little? I'm sorry, what was your answer?

D.W.: Yes.

{¶24}   Our review of this testimony, and of the entire record, does not convince us that "the jury so clearly lost its way as to create a manifest miscarriage of justice." *See State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).  D.W. was 14 years old when she took the stand.  Detective Kelly Best testified that in her investigation, she found D.W. to be very emotional, sometimes angry, and extremely

reluctant to talk about what had happened—often sitting in silence for long periods. All of this was understandable, and her hesitancy on the witness stand was completely consistent with the abuse she was alleged to have suffered. D.W. affirmatively indicated three different times in her testimony that she had been anally penetrated. It was for the jury to assess her credibility. *See State v. Bryan*, 101 Ohio St.3d 272, 2004-Ohio-971, 804 N.E.2d 433, ¶ 116; *State v. Williams*, 1st Dist. Hamilton Nos. C-060631 and C-060668, 2007-Ohio-5577, ¶ 45. This is not the "exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). The second assignment of error is overruled.

### IV. Joinder of Indictments

{¶25} In his third assignment of error, Mr. Johnson contends the court committed plain error when it granted the state's motion to join the two indictments.

{¶26} The law favors the joinder of multiple offenses in a single trial. *State v. Williams*, 73 Ohio St.3d 153, 158, 652 N.E.2d 721 (1995). Crim.R. 8(A) permits the joinder of offenses if they are of the same or similar character. A trial court shall grant a severance if a defendant demonstrates that he is prejudiced by the joinder. *State v. Roberts*, 62 Ohio St.2d 170, 175, 405 N.E.2d 247 (1980). Joinder is not prejudicial if the evidence relevant to the offenses (1) would be admissible in the trial of the other offenses as other-acts evidence under Evid.R. 404(B) or (2) is simple and direct. *State v Kennedy*, 2013-Ohio-4221, 998 N.E.2d 1189, ¶ 32 (1st Dist.), citing *State v. Lott*, 51 Ohio St.3d 160, 163, 555 N.E.2d 293 (1990).

{¶27} Here the evidence was simple and direct. The offenses involved different victims, and the acts committed against each were analytically and logically separate. The state's presentation of the evidence with respect to each of the charges was direct

and uncomplicated, thus enabling the jury to segregate the proof for each offense. The trial court further instructed the jury to consider each count separately. The trial court's joinder of the indictments and failure to sever the charges did not prejudice Johnson. We overrule the third assignment of error.

### V. Ineffective Assistance

{¶28} In his fourth assignment of error, Mr. Johnson asserts he was deprived of his constitutional right to effective assistance of counsel. To succeed on his ineffective-assistance claim, Mr. Johnson must establish that his trial counsel was deficient, and that, but for his counsel's errors, the result of the proceedings would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), syllabus.

{¶29} Mr. Johnson characterizes his counsel's performance as "lackluster." He complains that, in cross-examining the victims, counsel asked open-ended questions and did not make a concerted effort to question their credibility. The scope of cross-examination, however, falls within the ambit of trial strategy. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 101. Debatable tactics do not render counsel's assistance ineffective. *Id.*; *see State v. Frazier*, 115 Ohio St.3d 139, 2007-Ohio-5048, 873 N.E.2d 1263, ¶ 220. This is particularly true in sex cases with minor victims where counsel may be wise to tread lightly in questioning. *See State v. Diaz*, 9th Dist. Lorain No. 04CA008573, 2005-Ohio-3108, ¶ 26 (failure to cross-examine child victims of sex abuse is a matter of trial strategy and does not constitute ineffective assistance). We find nothing deficient in Johnson's attorney's cross-examination.

{¶30}    Mr. Johnson also claims his counsel was ineffective in his conduct of voir dire and in failing to exercise peremptory challenges against two jurors who indicated they were highly uncomfortable with the subject matter.  Voir dire does not have to be performed in a particular way, nor is counsel required to ask specific questions.  *State v. Evans*, 63 Ohio St.3d 231, 247, 586 N.E.2d 1042 (1992).  Both jurors in question stated that they could be fair, despite their discomfort with the case.   Counsel was not deficient for not asking more questions of these jurors or striking them from the jury.

{¶31}    Mr. Johnson contends further that his counsel was ineffective for failing to renew his objection to the joinder of the two cases at the close of evidence.  As we noted previously, however, Mr. Johnson was not prejudiced by the joinder.   Mr. Johnson's fourth assignment of error is overruled.

## VI. Error in the Sentencing Entry

{¶32}    In his fifth assignment of error, Mr. Johnson asserts the sentencing entry in case B-1405760 erroneously reflects convictions for three counts of rape and one count of GSI when it should reflect convictions for one count of rape and three counts of GSI.  He is correct.  The trial court amended counts two and three from rape to GSI at the state's request, and the jury returned verdicts for GSI on those counts.  Therefore, we sustain Johnson's fifth assignment of error and remand the case to the trial court for the purpose of correcting the judgment entry.

## VII. Conclusion

{¶33}    We vacate Mr. Johnson's convictions for rape and GSI as charged in counts three and five of the case numbered B-1403701, and we discharge Johnson from further prosecution on these counts.  We remand the case numbered B-1405760 to the trial court to correct the judgment of conviction in that case in accordance with this opinion.  In all other respects, the judgments of the trial court are affirmed.

Judgment accordingly.

**HENDON, P.J.,** and **MOCK, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

