STATE *vs.* WINDSOR MASON.

1.  When an assault and battery was committed on the 12th day of March, 1869, and bill of indictment was sent and *found a true bill* on the 17th day of April, 1871, held that the statute of limitations was a bar to the prosecution, notwithstanding a warrant was issued on the 12th day of March 1871, tried on the 17th of April and dismissed at the prosecutor's cost.

2.  The law is well settled, that a person born on the fisrt day of the year, will be twenty-one years of age on the last day of the year, and on the earliest moment ot that day.   For such purposes the law does not regard the fractions of a day.

This was an indictment for an assault and battery tried before Mitchell, Judge, at Fall Term 1871, of Wilkes Superior Court.   It was in evidence that the offense was committed on the 12th day of March 1869, and the bill of indictment was not sent until after the expiration of two yeas, from the commission of the offense, viz : on the 17th day of April 1871. To rebut the statute of limitations, (which was relied upon by the defendant) the state relied upon the fact that a warrant was issued and served upon the defendant on the 12th day of March 1871.   The said warrant was returned before a Justice of the Peace, and tried on the 8th day of April 1871, and dismission at the cost of the prosecution.

His Honor held that as the warrant was taken out before the expiration of the two years after the commission of the offense, the defendant could not avail himself of the statute of limitations.

There was a verdict for the State. Judgment and appeal by the defendant.

*Attorney General* and *W. P. Caldwell*, for the State.
*Armfield* for defendant.

BOYDEN, J. This was an indictment for assault and battery committed on the 12th day of March 1869; the indictment having been found, on the 17th day of March, 1871, more than two years after the commission of the alleged offence. The defendant relied upon the statute barring such indictment after two years. The State's counsel to repel the lapse of time, offered in evidence, a States warrant taken out against the defendant for the same offense, by the prosecutor, dated the 12th day of March 1871, and this warrant upon the examination by the justice, was dismissed at the cost of the prosecutor.

In the first place, it is to be remarked that the two years had expired, before suing out the warrant, on the 12th day of March 1871. The law is well settled, that a person born on the first day of the year 1800, would be twenty-one years old, on the last day of the year 1820; at the earliest moment of that day; as for such purposes the law does not regard the fraction of a day. And in this case if it had been proved that the offense had been committed at 11 o'clock, P. M., on the 12th day of March 1869, the two years would have expired, on the 11th day of March, 1871, at the earliest moment of that day.

But waiving this, upon what principle of law, can it be said that the taking out of a warrant, in this case, which was dismissed on the hearing could operate to repel the lapse of time, we are wholey unable to comprehend. Had the defendant been bound to Court, to answer the charge there might have

been some plausible ground, for insisting that suing out the warrant before the expiration of two years, was the commencement of the very prosecution of the offence for which the indictment was found, but in having been dismissed on the hearing there is not a shadow of reason for such an allegation.

There is no error.    This will be certified.

PER CURIAM.                              Judgment reversed.