■ In the Matter of JAMES E. ELLINGHAM, as Father and Natural Guardian of MICHAEL K. ELLINGHAM, an Infant, Petitioner, v GLENN R. MORTON, as Genesee County Court

Judge, et al., Respondents.—Application denied and petition dismissed, without costs. Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking an order of this court prohibiting the County Court Judge and the District Attorney from conducting further proceedings upon an indictment charging him with burglary in the third degree. He contends that the court lacks jurisdiction to try him as an adult since he was under 16 years of age at the time of the commission of the offense. Although the offense occurred at 3:00 A.M., on December 2, 1984, the date of his sixteenth birthday, defendant contends that he did not become 16 years of age until some 12 hours later at 2:48 P.M., the anniversary of the moment of his birth. We hold that defendant became 16 years of age at the beginning of the day of his sixteenth birthday *(see, People v Alouisa,* 120 Misc 2d 968).

Two separate principles were recognized at common law. Fractions of days were not computed *(Herbert v Turball,* 1 Keb 589, 83 Eng Rep 1129 [1633])* and a person reached his next year of age on the day before the anniversary of his birth *(Nichols v Ramsel,* 2 Mod 280, 86 Eng Rep 1072 [1677]).* Thus, it was the law of this and other States that a person reached his next year of age at the first moment of the day before the anniversary of his birth *(see, People v Alouisa,* 120 Misc 2d 968, *supra;* Ann., 5 ALR2d 1143; *State v Brown,* 443 SW2d 805 [Mo]; *Leo v Maro Display,* 122 RI 737, 412 A2d 221).

In *People v Stevenson* (23 AD2d 472, *revd on dissenting opn below* 17 NY2d 682), the Court of Appeals rejected the common-law rule that a person reaches his next year of age on the day before his birthday and held that he does not do so until the day of his birthday. This, however, did not change the common-law principle that in determining a person's age, fractions of days are not computed *(see, Parker v State,* 61 Md App 35, 484 A2d 1020, 1022; *State v Brown,* 443 SW2d 805, 807, *supra; see also, People v Anderson,* 108 Ill App 3d 563, 439 NE2d 65, 71-72). Nor do we think it ought to be changed, for it furnishes a rule of uniformity and certainly that is most desirable *(see, Leo v Maro Display, supra,* p 222).

All concur, except Doerr, J. P., who dissents and votes to grant the petition, in the following memorandum:

Doerr, J. P. (dissenting). I respectfully dissent. In my view, the common-law principle of not recognizing fractions of days in computing time is as much a fiction as the rule that a person is deemed to attain a given age on the day preceding the anniversary of his birth *(Matter of Bardol,* 253 App Div 498, *affd* 278 NY 543; *see, People v Stevenson,* 23 AD2d 472,

473, *revd* 17 NY2d 682 *on dissenting opn below).* New York courts, indeed, have, in the appropriate case, considered fractions of a day in computing time. "The law does not regard fractions of a day, except in cases where the hour itself is material, as is the case where priority of judgments is in question. *(Judd* v. *Fulton,* 4 How. Pr., 298; *Phelan* v. *Douglass,* 11 id., 193, 195; *Haden* v. *Buddensick,* 49 id., 246.)" *(Marvin v Marvin,* 75 NY 240, 243; *see also, Matter of Lanni v Grimes,* 173 Misc 614.) "As a general rule the court does not inquire into the fractions of a day, *except for the purpose of guarding against injustice. (Small* v. *McChesney,* 3 *Cowen,* 19. *Clute* v. *Clute,* 3 *Denio,* 263)" *(Blydenburgh v Cotheal,* 4 NY 418; emphasis added).

In the instant case, the precise hour of defendant's birth is material because it is at that time, on his anniversary, that he turned 16. Injustice would be done if he is forced to face the criminal justice system rather that the juvenile delinquent justice system before he was truly an adult under the statute. "[C]riminal statutes must be 'strictly construed against the party seeking their enforcement and in favor of the person being proceeded against' *(People* v. *O'Neill,* 208 Misc. 24, 25; McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 271)" *(People v Stevenson, supra,* p 476, dissenting opn, Christ, J.). Under the circumstances, defendant should be given the benefit of the fractional hour of his birth in relationship to the time the crime was committed, and the writ should be granted because at that time the Criminal Court lacked jurisdiction over him. (Article 78.) Present—Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.