■ In the Matter of WILLIAM L. JONES, Appellant, v CAYUGA COUNTY BOARD OF ELECTIONS et al., Respondents.—Order unanimously affirmed without costs. (Appeal from order of Supreme Court, Cayuga County, Corning, J.—Election Law.) Present—Doerr, J. P., Denman, Boomer, Balio and Davis, JJ. (Order entered Aug. 21, 1987.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD LaFRANCE, Appellant.—Judgment unanimously reversed on the law and defendant's sentence of probation reinstated. Memorandum: The judgment entered upon defendant's plea of guilty of a violation of probation must be reversed. When a court pronounces a sentence of probation, it must specify as part of the sentence the conditions of probation (CPL 410.10). At any time prior to the expiration or termination of the period of probation, the court may modify or enlarge the conditions of the sentence (CPL 410.20, 410.50). Defendant must, however, be personally present when such action is taken unless the modification consists solely of the elimination or relaxation of one or more conditions (CPL 410.20 [1]). Here, defendant was not present when the conditions of his sentence of probation were amended to include the complete abstention from the consumption of alcohol. A conviction for a violation of a condition of probation thus unlawfully imposed cannot stand. (Appeal from judgment of Genesee County Court, Morton, J.—violation of probation.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL E., Appellant.—Adjudication unanimously affirmed (see, Matter of Ellingham v Morton, 116 AD2d 1032, lv denied 67 NY2d 607). (Appeal from adjudication of Genesee County Court, Morton, J.—youthful offender.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.

■ GEORGE C. MANNING et al., Respondents, v THOMAS EBERHARDT et al., Appellants.—Order and judgment unanimously affirmed with costs for reasons stated at Special Term, Rath, J. (Appeal from order and judgment of Supreme Court, Erie County, Rath, J.—summary judgment.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.