The STATE of Ohio, Appellee,

v.

CLARK, Appellant.

[Cite as *State v. Clark* (1993), 84 Ohio App.3d 789.]

Court of Appeals of Ohio,
Stark County.

No. CA–9194.

Decided June 1, 1993.

*Francis G. Forchione*, Chief Assistant City Prosecutor, for appellee.

*Wayne G. Graham*, for appellant.

FARMER, Judge.

On August 27, 1992, three complaints were filed in the Canton Municipal Court against appellant, John James Clark, alleging one count of criminal mischief (R.C. 2909.07), and two counts of petty theft (R.C. 2913.02).

Through discovery, appellee, the state of Ohio, provided the appellant with a bill of particulars stating that the alleged conduct constituting the basis for the charges filed against appellant occurred between 3:14 a.m. and 3:30 a.m. on August 26, 1992.

Appellant was born at 9:20 a.m. on August 26, 1974.

Appellant's counsel filed a motion to dismiss based upon the court's lack of jurisdiction due to the appellant being less than eighteen years of age. A hearing was held in the Canton Municipal Court before Judge Mary Falvey on November 10, 1992. At that hearing, the court overruled appellant's motion. Thereafter, appellant entered pleas of no contest to all three charges.

Appellant was found guilty on all charges and was ordered to pay court costs on all three charges plus a fine of $100. In addition, appellant was ordered to serve sixty days in the Stark County Jail. However, the jail time was suspended on the condition that appellant serve twenty hours of community service.

Appellant perfected his appeal, and the matter is now before this court for consideration.

Appellant's sole assignment of error is as follows:

"The trial court erred in not granting the defendant-appellant's motion to dismiss, as the defendant-appellant had not technically reached his age of majority at the time the alleged offenses occurred."

The sole assignment of error challenges the jurisdiction of the Canton Municipal Court to hearing appellant's case. Appellant claims that although the alleged criminal activity was committed on his eighteenth birthday, that the proper forum for the matter is the juvenile court because the time of the alleged incident was six hours prior to his birth time (August 26, 1974, at 9:20 a.m.). We disagree.

Appellant relies on R.C. 2151.011(B)(1) discussed *infra*, and 2151.25, which states as follows:

"When a child is arrested under any charge, complaint, affidavit, or indictment, whether for a felony or a misdemeanor, proceedings regarding such child shall be initially in the juvenile court in accordance with this chapter. If the child is taken before a judge of a county court, mayor, judge of the municipal court, or judge of the court of common pleas other than a juvenile court, such judge of a county court, mayor, judge of the municipal court, or judge of the court of common pleas shall transfer the case to the juvenile court, whereupon proceedings shall be in accordance with this chapter. Upon such transfer all further proceedings under the charge, complaint, information, or indictment shall be discontinued in the court of said judge of a county court, mayor, municipal judge, or judge of the court of common pleas other than a juvenile court, and the case relating to such child shall thenceforth be within the exclusive jurisdiction of the juvenile court."

The issue that is before us is when do you in fact become eighteen, at 12:01 a.m. of your birthday or at the exact time of your birth—eighteen years later.

We are unable to find any Ohio precedence in the case *sub judice*. Therefore, it is appropriate to look to the common law in other jurisdictions. As pointed out by appellee, it is the common-law rule that there is no fraction of a day:

"And the evidence was, that he was born the first day of January in the afternoon of that day, and died in the morning on the last day of December: and it was held by all the Judges that he was of full age; for there shall be no fraction of a day." *Nichols v. Ramsel* (1677), 2 Mod 280, 86 Eng.Rep. 1072, cited in 5 A.L.R.2d 1143, at 1145.

Other jurisdictions have held that when computing age the hour of birth is not material in computing age. *People v. Anderson* (1982), 108 Ill.App.3d 563, 64 Ill.Dec. 136, 439 N.E.2d 65; *State v. Brown* (Mo.1969), 443 S.W.2d 805; and *Williams v. Williams* (1930), 325 Mo. 963, 30 S.W.2d 69.

In modern practice, local boards of election, and bureaus of motor vehicles and selective service look only to the date of birth and not the hour of birth.

We find that Ohio should adopt the holding of *Nichols* and find that there shall be no fraction of days.

In Ohio, a "child" is defined as follows:

" 'Child' means a person who is under the age of eighteen years, except that any person who violates a federal or state law or municipal ordinance *prior to attaining eighteen years of age shall be deemed a 'child'* irrespective of his age at the time the complaint is filed or hearing had on the complaint * * *." (Emphasis added.) R.C. 2151.011(B)(1).

Using the *Nichols* standard and the definition of "child" pursuant to R.C. 2151.011(B)(1), appellant attained eighteen years of age at 12:01 a.m. on August 26, 1992, and therefore was not a child at the time of the offense. Appellant was properly tried as an adult.

Appellant's sole assignment of error is overruled.

The judgment of the Canton Municipal Court, Stark County, Ohio, is hereby affirmed.

*Judgment affirmed.*

GWIN, P.J., concurs.

HOFFMAN, J., dissents.

WILLIAM B. HOFFMAN, Judge, dissenting.

I respectfully dissent from the majority opinion.

The value of *Nichols v. Ramsel* (1677), 2 Mod. 280, 86 Eng.Rep. 1072, cited by the majority as precedence is diminished in my analysis not because of its vintage but rather because it involved a civil dispute.

Though a number of other states have taken the position espoused by the majority herein, I believe the opposite conclusion to be meritorious. I base my opinion primarily upon the mandate found in R.C. 2901.04(A), which states:

"Sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." [1]

---

1. Whether any of our sister states who have decided this issue have similar statutory construction laws is unknown.

Using R.C. 2901.04 in interpreting R.C. 2151.011(B)(1), and as applied to the facts *sub judice,* leads me to conclude the trial court committed error in not transferring the case to the juvenile court.