IN THE MATTER OF TERRY ANTON ROBINSON

No. COA94-1262

(Filed 21 November 1995)

### 1. Appeal and Error § 81 (NCI4th); Infants or Minors § 140 (NCI4th)— juvenile case—denial of transfer to superior court—no right of State to appeal

The State had no right to appeal an order denying transfer of a juvenile case to superior court based on a finding that the juvenile had "not fully lived thirteen years." N.C.G.S. §§ 7A-666, 7A-667(2).

**Am Jur 2d, Appellate Review §§ 147, 148.**

### 2. Infants or Minors § 71 (NCI4th)— crime committed by juvenile on birthday—fraction of day not considered

The trial court erred by ruling that respondent had not reached thirteen years at the time he committed the charged offenses, a time that was several hours before his birth hour but on the date of his thirteenth birthday, since the law does not regard the fraction of a day in the computation of birthdays.

**Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children § 37.**

### 3. Time or Date § 1 (NCI4th)— birthday rule adopted by North Carolina

North Carolina adopts the "birthday rule" whereby a person attains a given age on the anniversary date of his or her birth, rather than the "coming of age" rule whereby a person reaches a given age at the earliest moment of the day before his day of birth.

**Am Jur 2d, Time § 13.**

**Inclusion or exclusion of the day of birth in computing one's age. 5 ALR2d 1143.**

Appeal by the State from order entered 29 September 1994 by Judge William G. Jones in Mecklenburg County District Court. Heard in the Court of Appeals 11 September 1995.

**IN RE ROBINSON**

[120 N.C. App. 874 (1995)]

*Attorney General Michael F. Easley, by Associate Attorney General Elizabeth R. Bare and Associate Attorney General Carol K. Barnhill, for the State.*

*Harkey, Lambeth, Nystrom & Fiorella, by Bradford F. Icard, for respondent-appellee.*

LEWIS, Judge.

Respondent was born at 10:45 p.m. on 22 August 1981. On 22 August 1994, he was charged in a juvenile petition with criminal offenses allegedly occurring at 3:00 a.m. on 22 August 1994. Respondent moved to prohibit transfer of his case to superior court on the ground that he was not thirteen (13) years old at the time of the offense. After reviewing respondent's birth certificate, the allegations of when the offenses occurred, and hearing the arguments of the parties, the court, by written order filed 29 September 1994, denied a transfer hearing and ruled that respondent's case could not be transferred to superior court pursuant to N.C.G.S. section 7A-608 because he had "not fully lived 13 years." The State appeals this order. The State also filed a motion to suspend the appellate rules and treat the appeal as a petition for certiorari in the event that there is no appeal of right.

[1] We first address whether the State has an appeal of right in this juvenile matter under N.C.G.S. sections 7A-666 and -667. Section 7A-667(2) limits the State's appeal in delinquency or undisciplined cases to the following:

a. An order finding a State statute to be unconstitutional;

b. Any order which terminates the prosecution of a petition by upholding the defense of double jeopardy, by holding that a cause of action is not stated under a statute, or by granting a motion to suppress.

N.C.G.S. § 7A-667(2) (1989). Since this is a delinquency case and the order appealed from is not provided for in the above section, the State has no appeal of right. The State has moved to treat the appeal as a petition for writ of certiorari. Given the importance of the issue presented, we hereby grant a writ of certiorari, pursuant to our supervisory power under N.C.G.S. section 7A-32(c), and review the order of the district court. N.C.G.S. § 7A-32(c); *see In re Palmer*, 296 N.C. 638, 646, 252 S.E.2d 784, 789 (1979) (stating that Court of Appeals may exercise supervisory power and issue remedial writs); *see also State*

*v. Ward*, 46 N.C. App. 200, 206, 264 S.E.2d 737, 741 (1980) (treating notice of appeal as petition for writ of certiorari and allowing the writ when no appeal of right).

**[2]** The State argues that the court erred by ruling that respondent had not reached thirteen years at the time he committed the charged offenses, a time that was several hours before his birth hour but on the date of his thirteenth birthday. We agree.

N.C.G.S. section 7A-608 provides:

The court after notice, hearing, and a finding of probable cause may transfer jurisdiction over a juvenile to superior court if the juvenile was 13 years of age or older at the time the juvenile allegedly committed an offense that would be a felony if committed by an adult. If the alleged felony constitutes a Class A felony and the court finds probable cause, the court shall transfer the case to the superior court for trial as in the case of adults.

N.C.G.S. § 71-608 (Cum. Supp. 1994).

In absence of a contrary statutory provision, the common law principle is well-established that "the law does not regard the fraction of a day" in the computation of birthdays. *State v. Mason*, 66 N.C. 636, 637 (1872). We reject respondent's argument that our Supreme Court changed this principle by stating that "we grow older a day (or less) at a time" in *State v. McGaha*, 306 N.C. 699, 701, 295 S.E.2d 449, 450 (1982). Construing the 1981 version of the statutory rape statute, our Supreme Court in *McGaha* held that a victim who was twelve (12) years and eight (8) months old at the time the offense was committed was no longer 12 years old but "something *more* than twelve." *Id.* at 701, 295 S.E.2d at 450. Since there was no issue in *McGaha* as to what time of day the victim's age changed, it does not alter the "no fractions of a day" principle.

The State presents two possible methods for calculation of when respondent became thirteen, the "coming of age" common law rule, and the more modern "birthday" rule. Under the "coming of age" rule, a person reaches a given age at the earliest moment of the day *before* his day of birth. *See Mason*, 66 N.C. at 637 (stating common law rule that a person born on the first day of the year 1800 becomes twenty-one years old, on the last day of the year 1820, at the earliest moment of the day); *see also, Ellingham v. Morton*, 498 N.Y.S.2d 650, 651 (N.Y. App. Div.), *appeal denied*, 494 N.E.2d 112 (N.Y. Ct. App. 1986) (explaining common law rule). Under the more modern "birthday

**IN RE ROBINSON**

[120 N.C. App. 874 (1995)]

rule," a person attains a given age on the anniversary date of his or her birth. *See Ellingham*, 498 N.Y.S.2d at 651 (holding that defendant became sixteen at the beginning of the day of his sixteenth birthday). The court in *Ellingham* acknowledged that New York courts had rejected the "coming of age" rule in favor of the "birthday rule," but that the adoption of the "birthday" rule did not affect the common law principle that fractions of a day are not counted. *Id.* at 651. The court chose to retain the "no fractions of a day" approach because it "furnishes a rule of uniformity and certainty that is most desirable." *Id.*

We agree that the "no fractions of a day" approach provides needed uniformity and certainty. Thus, we hold that fractions of days may not be considered in determining when a juvenile can be transferred to superior court for trial pursuant to N.C.G.S. section 7A-608. Consequently, under either the "coming of age" rule or the "birthday rule," applied without consideration of fractions of days, respondent was thirteen years of age at the time the offenses were allegedly committed.

[3] Since the issue of whether to apply the "coming of age" or the "birthday rule" needs resolution, we will undertake to resolve it. The modern "birthday rule" is more reflective of common practice and understanding as to when a person reaches a given age. Since North Carolina courts have not expressly decided which rule applies, we hold today that the "birthday rule" is the better approach and apply it to respondent under N.C.G.S. section 7A-608. Accordingly, respondent became thirteen years of age on the date of his thirteenth birthday at 0000:01 hour or 00:00:01 a.m, the first second of the 22nd of August, 1994. The district court erred in denying the transfer hearing and ruling that respondent "cannot be transferred" to superior court for trial. The district court judge apparently believed he could not exercise his discretion under the facts of this case. He can once probable cause is found. We remand for a probable cause and transfer hearing.

Reversed and remanded.

Judges EAGLES and JOHN concur.