Argued and submitted February 25, reversed August 28, petition for review denied
December 3, 2002 (335 Or 104)

## RAASHAN F. COLEY,
*Respondent,*

*v.*

## Mitch MORROW,
Superintendent,
Oregon State Correctional Institution,
*Appellant.*

### 98C-19454; A111460

52 P3d 1090

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Richard L. Cowan argued the cause for respondent. With him on the brief was O'Neill, Evans, Cowan and Habekost.

Before Haselton, Presiding Judge, and Armstrong and Kistler, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Defendant appeals from a judgment granting petitioner post-conviction relief. Defendant argues that the post-conviction court's conclusion that petitioner was 14 years old at the time of the underlying offense, and that the criminal trial court consequently lacked jurisdiction over petitioner, was error because petitioner was, legally, 15 years old at the time of the underlying offense. Defendant also, and relatedly, challenges the post-conviction court's determination that petitioner's criminal appellate counsel was inadequate for failing to raise the issue of petitioner's age. We hold that petitioner was 15 years old at the time of the offense, was properly subject to the criminal court's jurisdiction, and thus was not prejudiced by counsel's failure to raise the age issue on direct appeal. Consequently, we reverse.

The facts are undisputed. Petitioner was born at Emanuel Hospital in Portland on December 15, 1981, at 9:43 p.m. On December 15, 1996, the day of his fifteenth birthday, at around 2:30 p.m., petitioner, armed with a firearm and aided by two friends, robbed a victim near the Saturday Market in downtown Portland. Based on that conduct, petitioner was charged with first- and second-degree robbery, ORS 164.405 and ORS 164.415, as an adult pursuant to ORS 137.707(1)(a), which provides, in part:

> "Notwithstanding any other provision of law, when a person charged with [first- or second-degree robbery] is 15, 16 or 17 years of age at the time the offense is committed, and the offense is committed on or after April 1, 1995, * * * the person shall be prosecuted as an adult in criminal court."[1]

At his criminal trial, petitioner's counsel argued that the criminal court lacked jurisdiction because the robbery had been committed at 2:34 p.m., while petitioner was not born until 9:43 p.m. on that date 15 years earlier. However, the

---

[1] ORS 137.707 was enacted as part of the legislative effort to implement the mandatory sentencing initiative, more commonly know as Ballot Measure 11, which voters adopted in the November 1994 general election. *See* Or Laws 1995, ch 2 (Measure 11); Or Laws 1995, ch 422, § 49 (adopting pertinent language in ORS 137.707).

criminal trial court rejected that argument, concluding that petitioner was 15 at the time of the offense.[2] After a bench trial, the court found petitioner guilty and sentenced him as provided in ORS 137.707. On direct appeal, petitioner's counsel challenged the sentence but did not reprise the jurisdictional "age" argument. We affirmed without opinion and the Supreme Court denied review. *State v. Coley*, 153 Or App 704, 960 P2d 395, *rev den* 327 Or 317 (1998).

Petitioner then initiated this action seeking post-conviction relief on the grounds that, *inter alia*, the criminal trial court lacked jurisdiction under ORS 137.707 because he was not 15 years of age at the time he committed the offense and, relatedly, that his criminal appellate counsel was inadequate for failing to raise the age issue on direct appeal. Petitioner particularly argued that the language of ORS 137.707, and specifically the phrase "at the time the offense is committed,"

> "should not be read so broadly to include any part of the day that offense is committed. The literal reading of the phrase '15, 16, or 17 years of age at the time the offense is committed' means, as applied in this case, that Petitioner was not yet 15 when he committed a crime."

Most simply stated, petitioner argued that he was not 15 years of age until 9:43 p.m. on December 15, 1996, more than seven hours after he committed the robbery. Petitioner then went on to argue:

> "The issue of whether Petitioner was under 15 'at the time of the offense' should have been explored on appeal. Whether the day of birth controls or whether a more precise reading of time on the birth certificate controls has not been decided in Oregon as applied to mandatory minimum sentencing."[3]

---

[2] The parties submitted relevant portions of the criminal trial court record as exhibits before the post-conviction court. On the age issue, the criminal trial court ruled, without significant discussion, that petitioner was subject to prosecution as an adult. On that issue, the criminal trial court commented:

> "First of all, referring back for some of the underlying trial matters, it is correct that [petitioner] had turned 15 on the day of the allegation, and that is the first available age for Ballot Measure 11's provisions regarding his mandatory treatment and waiver to adult court and treatment as an adult."

[3] Petitioner raises other allegations in support of his petition. The post-conviction court rejected those other allegations, and petitioner does not challenge the

The post-conviction court agreed and ordered that petitioner be released from the custody of the Department of Corrections and remanded to the Multnomah County Juvenile Court. The court concluded that, under the familiar *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993), framework, ORS 137.707 is ambiguous as to whether a person's age for purposes of that statute was to be assessed "precisely from the time of birth to the time of the offense, or from the day of birth to the day of the offense." Noting that nothing in the legislative history resolved that "ambiguity," the court proceeded to *PGE*'s "third level"[4] and, at that level, applied the so-called "rule of lenity" that, "when in doubt, criminal statutes are to be construed in favor of criminal defendants." *See State v. Haley*, 64 Or App 209, 216, 667 P2d 560 (1983). Accordingly, the court entered a judgment granting petitioner post-conviction relief on the grounds that the criminal trial court lacked jurisdiction and that petitioner's appellate counsel had been constitutionally inadequate for failure to raise the age issue on direct appeal. *See* ORS 138.530(1) (post-conviction relief is required if (a) trial or appellate proceedings resulted in substantial denial of the petitioner's constitutional rights; or (b) court lacked jurisdiction "to impose the judgment rendered upon petitioner's conviction").

On appeal, the parties, as did the post-conviction court below, frame the question as one of statutory interpretation. Before addressing the merits of that issue, we highlight several material considerations that are not in dispute. *First*, the common law embodied two principles relevant to determining a person's age. Under the first, known as the "coming-of-age" rule, a person's day of birth was included in

---

court's disposition of them. Accordingly, those other allegations are not material to our discussion or disposition.

[4] The court in *PGE* described that "third level" of analysis as follows:

"If, after consideration of text, context, and legislative history, the intent of the legislature remains unclear, then the court may resort to general maxims of statutory construction to aid in resolving the remaining uncertainty. Although some of those maxims of statutory construction may be statutory, others more commonly may be found in case law. Those include, for example, the maxim that, where no legislative history exists, the court will attempt to determine how the legislature would have intended the statute to be applied had it considered the issue." 317 Or at 612 (citations omitted).

calculating age, such that a person attained a particular age on the day *before* his or her actual birthday. *See State v. Hansen*, 304 Or 169, 172, 743 P2d 157 (1987) (under the coming-of-age principle, "a person reached a given age in years *at the first moment of the day before* the person's birthday") (emphasis added).[5] Under the second, known as the "indivisible-day" rule, each day was treated as an indivisible unit and fractions or portions of days were not recognized. *See Hansen*, 304 Or at 171; *Herbert v. Turball*, 1 Keble 589, 83 Eng Rep 1229 (1633) (stating rule).

■       *Second*, Oregon, in adopting the Oregon Criminal Code of 1971, abrogated the common-law "coming-of-age" rule, at least in criminal prosecutions, in favor of the "birthday rule" which ties a person's age to his or her actual birthday. *Hansen*, 304 Or at 172-73. However, no Oregon authority has similarly abrogated the common-law "indivisible-day" rule. Under a combination of the "birthday rule" and the "indivisible-day rule," a person attains his or her new age as of midnight, 12:00 a.m., on his or her birthday.

       *Third*, and finally, petitioner does not dispute that, unless ORS 137.707 somehow alters the common-law "indivisible-day" rule, that principle controls here and petitioner's effort to tie his age to the moment of his birth would necessarily fail. *State v. Blacker*, 234 Or 131, 136, 380 P2d 789 (1963) ("The substantive law contained in the common law of England remains the law of this state until changed by legislative action."); Or Const, Art XVIII, § 7 ("All laws in force in the Territory of Oregon when this Constitution takes effect, and consistent therewith, shall continue in force until altered, or repealed.").

■       So framed, the issue in this case narrows to whether the legislature, in using the phrase "15, 16 or 17 years of age at the time the offense is committed" in ORS 137.707, intended to reject the common-law "indivisible-day" precept in favor of one tying potential criminal liability as an adult to the exact moment that a person was born. In other words,

---

       [5] As the court explained in *Hansen*, "under the common-law method, [a person] who was born on December 5, 1967, became 16 at the beginning of December 4, 1983." 304 Or at 172.

does the statutory language evince an intent that an individual who commits an offense on his or her fifteenth birthday, but before the exact time of the birth on the same day 15 years earlier, could avoid prosecution as an adult?[6] As described below, we conclude that, in the context of the preexisting common law, the statutory text incorporates the "indivisible-day" rule. Consequently, petitioner was "15 * * * years of age" when he committed his crimes and was, thus, subject under ORS 137.707 to prosecution and conviction as an adult.

■     From a purely textual standpoint, the phrase "15, 16 or 17 years of age at the time the offense is committed" in ORS 137.707 is, as the trial court recognized, arguably susceptible to both a broad and a narrow reading. Text, however, cannot be viewed in isolation, but must be considered in light of the statutory framework into which a particular provision is enacted as well as the preexisting common law. *PGE*, 317 Or at 611 (describing contextual inquiry); *see also Denton and Denton*, 326 Or 236, 241, 951 P2d 693 (1998) (context includes other provisions of the same and related statutes, "as well as the preexisting common law and the statutory framework within which the law was enacted"). The common law, as noted, treats each day as an indivisible whole. Moreover, nothing in ORS 137.707, or the Oregon Criminal Code generally, alters or in any way limits that rule's general applicability for purposes of determining whether a person is or is not 15 years of age under ORS 137.707. *See Hansen*, 304 Or at 172-73 (rejecting common-law "coming-of-age" rule but discussing, without rejecting, the common-law "indivisible-day" rule). In short, viewed in context, the intent underlying ORS 137.707 was to incorporate—not reject—the common-law "indivisible-day" principle.

Petitioner nevertheless argues that, as a matter of policy, we should eschew the common-law rule in favor of one

---

[6] At oral argument before this court, defendant's position spawned a host of hypotheticals involving time zones, daylight savings time, and even the International Date Line. Most obviously, under defendant's proposed approach, if a defendant had been born in New York at 4:00 p.m. EST and committed a crime in Eugene at noon on the same date 15 years later, he could not be prosecuted as an adult under ORS 137.707 because he would have been alive only 14 years, 364 days (or 365 days after February 28 in a leap year), and 23 hours.

permitting a defendant to prove, as an affirmative defense to liability under ORS 137.707, that his or her exact moment of birth was later in the day than the moment in which the crime was committed. We are not free, however, to embrace as a matter of policy something that is contrary to the intent underlying ORS 137.707 as established by that statute's text and context. Moreover, petitioner's argument in that regard is one based on the prudential, not jurisdictional, application of ORS 137.707 and cannot provide a basis for affirming the post-conviction court's conclusion that the criminal trial court lacked *jurisdiction* over petitioner.

Accordingly, we hold that the criminal court had jurisdiction because petitioner was 15 years of age at the time he committed the robbery. In addition, and even assuming that petitioner's counsel should have raised the age issue on direct appeal, that failure provides no basis for post-conviction relief because it did not prejudice petitioner. *Stevens v. State of Oregon*, 322 Or 101, 110, 902 P2d 1137 (1995) (only those acts or omissions by counsel that had a tendency to affect the result are sufficient to satisfy the prejudice element); *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991) (to be entitled to post-conviction relief on the basis of inadequate assistance of counsel, a petitioner must show that he or she suffered prejudice as a result of the alleged failure to exercise reasonable professional skill and judgment). The post-conviction court, thus, erred in granting relief on those bases.

Reversed.