The STATE of Ohio, Appellant,

v.

YARGER, Appellee.

[Cite as *State v. Yarger*, 181 Ohio App.3d 132, 2009-Ohio-543.]

Court of Appeals of Ohio,
Third District, Henry County.

No. 7–08–05.

Decided Feb. 9, 2009.

John H. Hanna, Henry County Prosecuting Attorney, for appellant.

Richard C. Hasbrook, for appellee.

---

PRESTON, Presiding Judge.

{¶ 1} The state of Ohio appeals the judgment of the Henry County Court of Common Pleas dismissing its case against defendant-appellee, Kent A. Yarger, and transferring the case to the juvenile division. For the reasons that follow, we reverse.

{¶ 2} On November 9, 2007, at approximately 2:00 a.m., Yarger allegedly committed several acts of vandalism. On March 19, 2008, Yarger was indicted on 11 counts of vandalism in violation of R.C. 2909.05(B)(1)(a), felonies of the fifth degree. On June 12, 2008, Yarger filed a motion to dismiss alleging that the court was without jurisdiction since Yarger was a juvenile on the date and at the time the acts of vandalism occurred. Yarger submitted a copy of his certificate of birth showing that he was born on November 9, 1989, at 10:15 a.m., and he argued that he did not actually turn 18 until 10:15 a.m. on November 9, 2007. The state objected to Yarger's motion to dismiss. However, on September 11, 2008, the trial court granted Yarger's motion and transferred the case to the Henry County Court of Common Pleas, Juvenile Division for further proceedings.

{¶ 3} The state now appeals and asserts one assignment of error.

## ASSIGNMENT OF ERROR

**The defendant was legally an adult on the date the crime was committed.**

{¶ 4} In its assignment of error, the state argues that the trial court erred when it found that Yarger was a juvenile at the time he committed the offense, thereby dismissing and transferring the case to the juvenile division. The state points out that this is a case of first impression in this court, but indicates that there is a case from the Court of Appeals for the Fifth District, *State v. Clark* (1993), 84 Ohio App.3d 789, 618 N.E.2d 257, that we should follow.

{¶ 5} In response, Yarger argues that the trial court properly determined that he was a juvenile at the time of the offense. Yarger claims that under the rules of statutory construction prescribed in R.C. 2151.01 and R.C. 2901.04, the terms "child" and "adult" should be "liberally construed" in favor of the accused and strictly construed against the state. As Yarger argued in his brief, 18 years earlier he had not been born at the time of the commission of the alleged offenses, thus he was still a child. In addition, Yarger urges this court not to follow Clark because it is not controlling and it relied on a civil case decided in 1677.

{¶ 6} This court reviews a trial court's decision to grant or deny a motion to dismiss under a de novo standard of review. *State v. Hicks,* 3d Dist. Nos. 14–07–26 and 14–07–31, 2008-Ohio-3600, 2008 WL 2789543, ¶ 17, citing *State v. Collins,* 12th Dist. No. CA2007–01–010, 2007-Ohio-5392, 2007 WL 2916187, citing *State v. Benton* (2000), 136 Ohio App.3d 801, 805, 737 N.E.2d 1046. The trial court, after considering both parties' arguments, stated as follows:

> Based on this Court's reading of O.R.C. Section 2151.011(B)(2) & (5) and the rules of statutory construction set forth in O.R.C. Section 2901.04(A), this Court finds the Defendant was a "child" at the time of the alleged offense. This Court does not find the case of *Nichols v. Ramsel,* being a civil dispute, to be persuasive authority in a criminal case. *State v. Clark,* 84 Ohio App.3d 789, 618 N.E.2d 257 (1993) relied on the *Nichols* standard and is not binding precedent in this Court.

The trial court then granted Yarger's motion and transferred the case to the juvenile division.

{¶ 7} A "child" is defined in the general provisions of the juvenile code under R.C. 2151.011(B)(5) as "a person who is under eighteen years of age," while an "adult" is defined under R.C. 2151.011(B)(2) as "an individual who is eighteen years of age or older." While the statute is clear that the age of majority in the state of Ohio is 18, the issue in this case is when exactly does Ohio consider someone to be the age of 18: at 12:01 a.m. the day of their birth or the exact time at which they were born?

{¶ 8} Yarger insists that this is an issue of statutory interpretation and that the rule of lenity, prescribed in R.C. 2901.04, should dictate the outcome of this appeal. The rule of lenity is a common-law principle that has been codified in the criminal provisions of the Ohio Revised Code and states that "offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." R.C. 2901.04(A). Regarding the rule of lenity, this court has stated:

> The rule of lenity applies only where there is an ambiguity in a statute or conflict between multiple statutes. *United States v. Johnson* (2000), 529 U.S. 53, 59, 120 S.Ct. 1114, 146 L.Ed.2d 39; *United States v. Lanier* (1997), 520 U.S. 259, 266, 117 S.Ct. 1219, 137 L.Ed.2d 432; *State v. Arnold* (1991), 61 Ohio St.3d 175, 178, 573 N.E.2d 1079.

*State v. Herbert,* 3d Dist. No. 16–06–12, 2007-Ohio-4496, 2007 WL 2473486, ¶ 25, quoting *State v. Moore,* 3d Dist. No. 1–06–51, 2006-Ohio-6860, 2006 WL 3771098, ¶ 11–12. If there is no ambiguity or conflict in the statute, then the rule of lenity is inapplicable. See id. While it appears that the definition of a "child" is susceptible to both interpretations argued by the parties, because Ohio has long recognized the common-law principle that there are no fractions of a day and a

majority of jurisdictions have applied this same principle to determining a person's age, this court believes that the rule of lenity is inapplicable.

{¶ 9} It has been well established in Ohio that fractions of a day are not considered when computing time. *Greulich v. Monnin* (1943), 142 Ohio St. 113, 116–117, 26 O.O. 314, 50 N.E.2d 310. In discussing this common-law principle, the Ohio Supreme Court has stated:

> Fractions of a day are not generally considered in the legal computation of time, and the day on which an act is done or an event occurs must be wholly included or excluded.
>
> The term "day," in law, embraces the entire day, and refers to a day as a unit of time, not as an aggregation of a certain number of hours, minutes, or seconds. In this sense, and for the purpose thus used, a day is not capable of subdivision into hours, minutes, or seconds, but is to be taken as a whole. In such computations the hours are not counted to ascertain whether a period of twenty-four hours or a given number of such periods have elapsed between the act to be done and the day from which the time is to begin running. The fractions of the days are no more taken into consideration than are the fractions of the seconds. The consequence is that every day and every part of that day is, by this rule, one day before every part of the succeeding day. The last moment of any day is, in contemplation of law in such cases, one day before the first moment of the next day, although the elapsed time is infinitesimal. The rule is strictly one of convenience. Any other method of computation would require an accurate account to be kept of the exact hour, minute, and second of the occurrence of the act to be timed, would produce endless confusion and strife, and would prove impolitic, if not wholly impracticable.

*Greulich*, 142 Ohio St. at 117, 26 O.O. 314, 50 N.E.2d 310, quoting 39 Ohio Jurisprudence (1943) 196, Computation of Time, Section 10. Moreover, the Ohio Supreme Court has stated, "According to principles of statutory construction, the General Assembly will not be presumed to have intended to abrogate a common-law rule unless the language used in the statute clearly shows that intent." *Carrel v. Allied Prods. Corp.* (1997), 78 Ohio St.3d 284, 287, 677 N.E.2d 795, citing *State ex rel. Morris v. Sullivan* (1909), 81 Ohio St. 79, 90 N.E. 146, paragraph three of the syllabus.

{¶ 10} Thus far, only one Ohio court has applied this common-law principle to determining a person's age. In *State v. Clark*, the defendant was indicted on one count of criminal mischief and two counts of petty theft. 84 Ohio App.3d at 790, 618 N.E.2d 257. The state alleged that these violations occurred somewhere between 3:14 a.m. and 3:30 a.m. on August 26, 1992. Id. However, the defendant argued that the trial court lacked jurisdiction because he was born at 9:20 a.m. on August 26, 1974, and thus was still under the age of 18 at the time of the offenses.

Id. The trial court overruled the defendant's motion, and subsequently, the defendant entered pleas of no contest and was found guilty on all charges. Id.

{¶ 11} On appeal, the defendant again argued that "[t]he trial court erred in not granting the defendant-appellant's motion to dismiss, as the defendant-appellant had not technically reached his age of majority at the time the alleged offenses occurred." Id. at 791, 618 N.E.2d 257. Because there was not any Ohio precedence on this issue, the court looked to the common-law no-fractions-of-a-day rule, citing *Nichols v. Ramsel* (1677), 2 Mod. 280, 86 Eng.Rep. 1072, cited in 5 A.L.R.2d 1143, 1145. Id. Then, after applying this common-law rule to the definition of a "child," the court held that the defendant had attained the age of 18 at 12:01 a.m. on the August 26, 1992; therefore, the defendant was not a child at the time of the offense. Id. at 791–792, 618 N.E.2d 257.

{¶ 12} Even though there has only been one Ohio case (which we acknowledge is not controlling precedent to this court) that has applied this common-law principle to determining a person's age, this approach has been adopted by many other jurisdictions. For example, similar to the facts presented in this case, in *Ellingham v. Morton*, the defendant argued that the trial court lacked jurisdiction since the offense occurred at 3:00 a.m. on the defendant's birthday and he did not become 16 until later at the moment of his birth. (N.Y.App.Div.1986), 116 A.D.2d 1032, 498 N.Y.S.2d 650. The Appellate Division of the Supreme Court for New York rejected the defendant's argument and held that he had turned 16 at the beginning of the day. Id. The court reasoned that while other common-law presumptions regarding birthdays had been statutorily overruled, the common-law principle of no fractions of a day was still in existence and should not be changed, "for it furnishes a rule of uniformity and certainty that is most desirable." Id. at 1033, 498 N.Y.S.2d 650.

{¶ 13} Moreover, in 1995, a North Carolina court of appeals reversed a trial court's decision that found a defendant had not been 13 years old at the time he committed the charged offenses because the offenses were committed several hours before his birth hour. *In re Robinson* (1995), 120 N.C.App. 874, 875–877, 464 S.E.2d 86. The court also cited to the well-established common-law no-fractions-of-a-day rule in support of its decision to reverse the trial court's decision. Id. In discussing the principle, the court stated, "We agree that the 'no fractions of a day' approach provides needed uniformity and certainty. Thus, we hold that fractions of days may not be considered in determining when a juvenile can be transferred to superior court for trial pursuant to N.C.G.S. section 7A–608." Id. at 877, 464 S.E.2d 86.

{¶ 14} The Florida Fifth District Court of Appeals also dealt with this same issue, but in the context of sexual offenses involving children. *Velazquez v. State* (Fla.App.1995), 648 So.2d 302, disapproved on other grounds in *Welsh v. State*

(Fla.2003), 850 So.2d 467. In *Velazquez,* the defendant had been charged with committing sexual battery on a person less than 12 years of age. 648 So.2d at 303. The defendant filed a motion to dismiss alleging that the victim was not a person less than 12 years of age since the victim had turned 12 on the day the offense was committed. Id. The trial court denied the defendant's motion, the defendant appealed, and the court of appeals reversed relying on the common-law no-fractions-of-a-day rule. Id. at 303–304. When discussing the age require-ments in the sexual-offense provisions, the court of appeals cited many other jurisdictions for support of its position, and stated:

> In order to avoid disputes, the common-law rule regarding age does not recognize fractions of a day. *See In re Harris,* 5 Cal.4th 813, 21 Cal.Rptr.2d 373, 391, 855 P.2d 391, 409 (1993); *People v. Anderson,* 108 Ill.App.3d 563, 64 Ill.Dec. 136, 142, 439 N.E.2d 65, 71 (1982); *Parker v. State,* 61 Md.App. 35, 484 A.2d 1020, 1021–22 (1984); *State v. Brown,* 443 S.W.2d 805, 806 (Mo.1969); *Ellingham v. Morton,* 116 A.D.2d 1032, 498 N.Y.S.2d 650, 651 (N.Y.App.Div.), *appeal denied,* 67 N.Y.2d 607, 502 N.Y.S.2d 1025, 494 N.E.2d 112 (1986); *State v. Clark,* 84 Ohio App.3d 789, 618 N.E.2d 257, 258 (1993); *Commonwealth v. Iafrate,* 527 Pa. 497, 594 A.2d 293, 294 (1991). Under the common-law rule a person is deemed to have been born on the first minute of the day of his birth. *See Harris,* [5 Cal.4th 813] 21 Cal.Rptr.2d at 391, 855 P.2d at 409. In accordance with this principle, the common-law rule for determining a person's age is that a person reaches a given age at the earliest moment of the day before the anniversary of his birth. *See Harris,* [5 Cal.4th 813] 21 Cal.Rptr.2d at 390, 855 P.2d at 408; *Parker v. State,* [61 Md.App. 35] 484 A.2d at 1022; *State v. Brown,* 443 S.W.2d at 807; *Ellingham v. Morton,* [116 A.D.2d 1032] 498 N.Y.S.2d at 651; *Commonwealth v. Iafrate,* 594 A.2d at 294. *See generally* R.F. Martin, Annotation, *Inclusion or Exclusion of the Day of Birth in Computing One's Age,* 5 A.L.R.2d 1143 (1949). The underlying rationale for this rule is that a person is in existence on the day of his birth; thus, he has lived one year and one day on the first anniversary of his birth. *See Harris,* [5 Cal.4th 813] 21 Cal.Rptr.2d at 390, 855 P.2d at 408 (citing *State v. Alley,* 594 S.W.2d 381, 382 (Tenn.1980)).

(Footnotes omitted.) Id. at 303–304. Ultimately, the court concluded that the defendant's motion to dismiss should have been granted because under the common-law rule, the victim had turned 12 at 12:01 a.m. on June 5, 1992, and therefore the victim was not a person less than 12 at the time of the offense. Id. at 304.

{¶ 15} A few years later, in 1998, a Kansas trial court also rejected a similar argument made by a defendant in an involuntary-manslaughter case. *State v. Wright* (1998), 24 Kan.App.2d 558, 558–559, 948 P.2d 677. At trial, the defendant

argued that the court lacked jurisdiction since the collision had occurred shortly after 12:00 a.m. on June 26, and he did not reach 18 until the exact time of his birth, which was 2:09 p.m. that day. Id. The trial court refused to count fractions of a day for purposes of determining when the defendant had turned 18, and subsequently held that at 12:01 a.m. the defendant had turned 18. Id. at 562, 948 P.2d 677. On appeal, the Kansas Court of Appeals affirmed the trial court's decision based on the persuasive authority it found from outside jurisdictions that relied on the no-fractions-of-a-day rule. Id. at 562–565, 948 P.2d 677.

{¶ 16} Analogous to the arguments made by Yarger in this case, more recently in 2002, an Oregon court of appeals rejected a trial court's application of the rule of lenity in determining the law regarding a person's age. *Coley v. Morrow* (2002), 183 Or.App. 426, 52 P.3d 1090. The facts of the case were undisputed. Id. at 428, 52 P.3d 1090. Petitioner had been born on December 15, 1981, at 9:43 p.m., and on December 15, 1996 (his 15th birthday), at around 2:30 p.m., petitioner and two of his friends robbed a victim in Portland, Oregon. Id. The petitioner was charged as an adult,[1] although he argued that the trial court lacked jurisdiction since he had yet to turn 15 at the time of the offense. Id. The trial court rejected the petitioner's argument, and the petitioner was found guilty and sentenced accordingly. Id. at 428–429, 52 P.3d 1090. The petitioner then filed a motion seeking postconviction relief, again claiming that the trial court had lacked jurisdiction. Id. at 429, 52 P.3d 1090. The postconviction court agreed, relying on the rule of lenity since it considered the determination as to a person's precise age under the statute to be ambiguous. Id. at 430, 52 P.3d 1090. In construing the statute in favor of the accused and against the state, the postconviction court held that the trial court had lacked jurisdiction over the petitioner since he had been 14 years old at the time of the underlying offense. Id.

{¶ 17} On appeal, the Oregon court of appeals acknowledged the rule of lenity but also recognized the existence of a common-law rule known as the "indivisible-day" rule,[2] under which each day is to be treated as an indivisible unit and fractions or portions of days are not recognized. Id. at 430–433, 52 P.3d 1090. In reversing the lower court's decision, the court of appeals stated:

> From a purely textual standpoint, the phrase "15, 16 or 17 years of age at the time the offense is committed" in ORS 137.707 is, as the trial court recognized, arguably susceptible to both a broad and a narrow reading. Text, however,

---

1. The relevant statute in Oregon provided, "Notwithstanding any other provisions of law, when a person charged with [first- or second-degree robbery] is 15, 16, or 17 years of age at the time the offense is committed, and the offense is committed on or after April 1, 1995, * * * the person shall be prosecuted as an adult in criminal court."

2. This is the same as the common-law no-fractions-of-a-day rule.

cannot be viewed in isolation, but must be considered in light of the statutory framework into which a particular provision is enacted as well as the preexisting common law. * * * The common law, as noted, treats each day as an indivisible whole. Moreover, nothing in ORS 137.707, or the Oregon Criminal Code generally, alters or in any way limits that rule's general applicability for purposes of determining whether a person is or is not 15 years of age under ORS 137.707. * * * In short, viewed in context, the intent underlying ORS 137.707 was to incorporate—not reject—the common-law "indivisible-day" principle.

Petitioner nevertheless argues that, as a matter of policy, we should eschew the common-law rule in favor of one permitting a defendant to prove, as an affirmative defense to liability under ORS 137.707, that his or her exact moment of birth was later in the day than the moment in which the crime was committed. We are not free, however, to embrace as a matter of policy something that is contrary to the intent underlying ORS 137.707 as established by that statute's text and context. Moreover, petitioner's argument in that regard is one based on the prudential, not jurisdictional, application of ORS 137.707 and cannot provide a basis for affirming the post-conviction court's conclusion that the criminal trial court lacked *jurisdiction* over petitioner. (Emphasis sic.) Id. at 432–433, 52 P.3d 1090.

{¶ 18} After considering the existence of the common-law no-fractions-of-a-day rule in Ohio, the principle that the common-law is presumed to exist unless a statute clearly states otherwise, and the current state of law in other jurisdictions, this court believes that the law is clear and not ambiguous: a person attains the age of 18 at 12:01 a.m. on the day of his or her birth. Here, Yarger allegedly committed several acts of vandalism around 2:00 a.m. on November 9, 2007,[3] and because his 18th birthday was also on November 9, 2007, he was an adult at the time the offenses were committed.

{¶ 19} However, even if we were to find the law ambiguous, this court would still find Yarger's argument for applying the rule of lenity unpersuasive. Birthdays are very special days, some of which can bestow on persons different legal rights and privileges. For example, on a person's 16th birthday, a person is given the privilege to drive in the state of Ohio, and females have the right to be

---

**3.** Yarger argues in his brief that it is not clear that the offenses occurred at 2:00 a.m. on November 9; he claims that they could have taken place before midnight on November 8, which would make the issue before this court moot. However, this court notes that Yarger never raised this issue in his motion to dismiss to the trial court; moreover, Yarger specifically stated in his memorandum in support of his motion that the "instant offense occurred on November 9, 2007 at approximately 2:00 a.m." Because the trial court never considered this issue nor made any findings relating to this issue, we find that Yarger has waived this specific issue for purposes of this appeal.

married. A person's 18th birthday confers an array of legal rights and privileges, such as the capacity to enter into contracts on one's own behalf, the right to vote, the right to consent to or refuse medical treatment, and for males, the right to be married. In addition, an individual's 21st birthday confers the right to purchase and consume alcohol. In these situations, it is more beneficial to the individual to be treated as the designated age at 12:01 a.m. the day of birth, rather than on the precise hour of birth. And the reality is that in these situations a person is considered by common practice to be a year older on the first moment of the date of their birth, rather than the exact hour.

{¶ 20} Moreover, to hold otherwise would not only contradict common practices, but it would be necessary to have accurate records. The whole rationale for the common-law no-fractions-of-a-day rule is simply one of convenience and efficiency. As acknowledged by the Ohio Supreme Court, any other method of computing time would require records to detail accurately down to the exact hour, minute, and second the act occurred—essentially requiring an impractical system that could create confusion and uncertainty. See *Greulich*, 142 Ohio St. at 117, 26 O.O. 314, 50 N.E.2d 310, quoting 39 Ohio Jurisprudence (1943) 196, Computation of Time, Section 10.

{¶ 21} Furthermore, it is a basic principle of statutory construction that in construing legislative provisions "unreasonable or absurd consequences" should be avoided. *Castleberry v. Evatt* (1946), 147 Ohio St. 30, 33 O.O. 197, 67 N.E.2d 861, paragraph two of the syllabus. If we were to hold that a juvenile becomes an adult at the precise hour of his or her birth for purposes of jurisdiction, as an initial matter, not only would it be necessary for the state to prove the precise hour, minute, and second of the alleged offense, but the state would also have to prove the precise hour, minute, and second of the individual's birth. In addition, courts would be required to deal with other peripheral issues, such as different time zones across the United States, or even across the world, and the inconsistent use of daylight-savings time. While we admit that these issues are not completely impossible to remedy, they seem unreasonable or absurd when compared to the practical and commonly practiced solution of treating a person as a year older at 12:01 a.m. local time on their birthday.

{¶ 22} Therefore, even if this court were to find the definition of a "child" ambiguous, we would still find, based on the above policy considerations, that an individual becomes a year older at 12:01 a.m. the day of their birth, rather than at the exact moment of their birth.

{¶ 23} The state's assignment of error is, therefore, sustained.

{¶ 24} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

WILLAMOWSKI and ROGERS, JJ., concur.