[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re A.W.*, Slip Opinion No. 2020-Ohio-1457.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1457

IN RE A.W.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re A.W.*, Slip Opinion No. 2020-Ohio-1457.]

*Juvenile law—Subject-matter jurisdiction—Juvenile court loses subject-matter jurisdiction over child when the child attains 21 years of age—Juvenile court's order invoking adult portion of child's sentence that was not journalized until the day of child's 21st birthday is void—Court of appeals' judgment reversed and adult portion of child's serious-youthful-offender sentence vacated.*

(No. 2018-1182—Submitted December 10, 2019—Decided April 16, 2020.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 105845, 2018-Ohio-2644.

_____

STEWART, J.

{¶ 1} We accepted this discretionary appeal to address the scope of the notice that a juvenile who has been designated as a serious youthful offender

("SYO") must receive regarding the conditions of detention and how a failure to abide by those conditions could result in the imposition of a discretionary adult sentence. We do not reach this issue, however, because the juvenile court's order invoking the adult sentence under the SYO specification was not journalized until the child turned 21 years of age. The juvenile court therefore lacked subject-matter jurisdiction when it entered the adult portion of the sentence. We thus reverse the court of appeals' decision and sua sponte vacate the adult portion of A.W.'s sentence.

**Background**

{¶ 2} In October 2016, A.W. admitted that in 2013, at the age of 17, he committed an act which, if committed by an adult, would constitute the offense of rape. The count was later amended to include an SYO specification. At the time he entered the admission, A.W. was 20 years old.[1] The court placed A.W. in the custody of the Department of Youth Services ("DYS") until May 23, 2017, when A.W. would turn 21 years of age. The juvenile court also found A.W. to be an SYO and imposed a stayed adult sentence of three years in prison. Although the court made statements on the record indicating its desire to have "sex offender treatment put in place for ODYS," its October 2016 dispositional entry made no mention of sex-offender treatment.

{¶ 3} In January 2017, approximately three months after issuing the dispositional order, the juvenile court ordered A.W. to "participate and engage in sex offender treatment" and further stated that the failure to engage in treatment "may result in the adult SYO disposition being invoked." The court's January 2017 entry noted that "[a]lthough the youth was committed for a sex offense, [the] youth

---

1. The state filed the complaint in 2014, when A.W. was 17 years old. By his own admission, A.W. "went on the run" after the state filed a motion to have the juvenile court relinquish custody to the general division of the court of common pleas in order to try him as an adult.

refuses to take responsibility for his actions nor participate in sex offender treatment."

{¶ 4} In early May 2017, the juvenile court acknowledged that A.W. had been unable to complete sex-offender treatment and that the delay was because (1) A.W. failed initially to acknowledge his issues, thus making it impossible for him to complete treatment by his 21st birthday, (2) DYS did not provide adequate timely treatment options, (3) A.W.'s initial failure to engage in treatment was not brought to the court's attention soon enough, and (4) the court itself failed to make specific orders for treatment at the time of disposition.

{¶ 5} On May 18, as A.W. neared his 21st birthday, the state filed a motion to invoke the adult portion of A.W.'s SYO sentence on the grounds that he had failed to complete "mandatory" sex-offender treatment, thereby "failing to comply with court orders." The juvenile court conducted a hearing on the state's motion on May 22, 2017—the day before A.W.'s 21st birthday. A psychologist testified that A.W. had completed only 10 to 15 percent of the sex-offender treatment. Based on these representations concerning A.W.'s lack of rehabilitation while in DYS custody, which the court emphasized was due in large part to A.W.'s failure to "avail[] himself of the Juvenile System" by not appearing for multiple hearings, the court found by clear and convincing evidence that A.W. had engaged in conduct that created a substantial risk to safety by failing to participate in sex-offender treatment. The juvenile court terminated the juvenile disposition and invoked the adult sentence but reduced the term of that sentence from three years to two years.

{¶ 6} Acknowledging that the juvenile court's October 2016 dispositional judgment entry did not order A.W. to complete sex-offender treatment, the Eighth District Court of Appeals determined that an order for sex-offender treatment was unnecessary because, under R.C. 5139.04, DYS has "broad authority to * * * '*issue any orders*, as it considers best suited' " for the treatment of children committed to its care. (Emphasis added in court of appeals' opinion.) 2018-Ohio-2644, 116

N.E.3d 819, ¶ 25, quoting R.C. 5139.04. The court of appeals also rejected A.W.'s argument that he was not notified that his failure to complete court-ordered sex-offender treatment would result in the invocation of his adult sentence. *Id.* at ¶ 30-31. It found that the juvenile court told A.W. at the time of disposition that it "wanted him to receive sex offender treatment," *id.* at ¶ 30, and it would be reviewing the case in 90 days to make sure that he was doing what he was supposed to do and if he was not, the court would end the sentence at DYS and send him to prison. Finally, the court of appeals rejected A.W.'s argument that completion of sex-offender treatment was an impossibility given the seven-month duration of his commitment with DYS, noting that the juvenile court did not condition the adult portion of the SYO sentence on completion of the treatment. *Id.* at ¶ 32. We agreed to consider a single proposition of law: "The adult portion of an SYO sentence cannot be invoked for failure to complete ODYS programming unless the offender was given notice that the failure to comply could trigger invocation of the adult sentence and it was possible for the offender to have completed it." *See* 154 Ohio St.3d 1422, 2018-Ohio-4496, 111 N.E.3d 20.

### Analysis

{¶ 7} The juvenile court has "exclusive original jurisdiction" over any person under 18 years of age who is alleged to be delinquent. *State ex rel. Jean-Baptiste v. Kirsch*, 134 Ohio St.3d 421, 2012-Ohio-5697, 983 N.E.2d 302, ¶ 18, citing R.C. 2151.23(A)(1). With respect to dispositional orders entered by the juvenile court, the original jurisdiction exists—with certain inapplicable exceptions—"until terminated or modified by the court or until the child attains twenty-one years of age." R.C. 2152.22(A).

**{¶ 8}** A.W. turned 21 years of age on May 23, 2017.[2]  Although the juvenile court issued its order invoking the adult sentence on May 22, 2017, the clerk of the court did not enter that order upon the journal until May 23, 2017.  A court speaks only through its journal, *State v. Hampton*, 134 Ohio St.3d 447, 2012-Ohio-5688, 983 N.E.2d 324, ¶ 15, and it is the date of journalization, not the date when an order or judgment is signed, that determines when the order takes effect.  *Craig v. Welply*, 104 Ohio St. 312, 315, 136 N.E. 143 (1922); *see also Cleveland v. Trzebuckowski*, 85 Ohio St.3d 524, 527, 709 N.E.2d 1148 (1999) (stating that a judgment would become a final appealable order on the date of journalization).  Because the clerk did not journalize the order invoking the adult portion of the SYO sentence until after A.W. turned 21, the juvenile court lacked subject-matter jurisdiction over him.  The order is therefore void.  *See State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 42.  We therefore reverse the court of appeals and sua sponte vacate the adult portion of A.W.'s juvenile disposition.  The proposition of law is now moot, so we need not address it.

Judgment reversed
and adult portion of juvenile disposition vacated.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, and DONNELLY, JJ., concur.

———————————

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Tasha L. Forchione, and Jeffrey M. Maver, Assistant Prosecuting Attorneys, for appellee.

Mark A. Stanton, Cuyahoga County Public Defender, and Cullen Sweeney and Francis Cavallo, Assistant Public Defenders, for appellant.

———————————

2. A.W.'s date of birth was May 23, 1996, and therefore, he turned 21 years of age at 12:01 a.m., on May 23, 2017.  *See State v. Yarger*, 181 Ohio App.3d 132, 2009-Ohio-543, 908 N.E.2d 462, ¶ 22 (3d Dist.).

_____