[Cite as *In re J. B.*, 2016-Ohio-98.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| IN RE: | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| J.B. | Case No. 15 CA 0002 |
| JUVENILE OFFENDER REGISTRANT | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2010 JD 00181 |
| JUDGMENT: | Reversed |
| DATE OF JUDGMENT ENTRY: | January 13, 2016 |

APPEARANCES:

| For Appellee | For Appellant |
|---|---|
| DAVID HOMER<br>ASSISTANT PROSECUTOR<br>60 East High Street<br>Mt. Gilead, Ohio 43338 | BROOKE M. BURNS<br>ASSISTANT STATE PUBLIC DEFENDER<br>250 East Broad Street, Suite 1400<br>Columbus, Ohio 43215 |

*Wise, J.*

{¶1}   Appellant J.B. appeals the decision of the Fairfield County Court of Common Pleas, Juvenile Division, which, subsequent to a delinquency determination, classified him as a juvenile sex offender. The relevant facts leading to this appeal are as follows:

{¶2}   On September 13, 2010, in the Morrow County Juvenile Court, Appellant J.B., born in June 1992, was adjudicated delinquent based on three counts of rape, each a violation of R.C. 2907.02(A)(1)(b), felonies of the first degree if committed by an adult. In the disposition phase of the case, the court committed appellant to the Ohio Department of Youth Services ("DYS") for a minimum period of three years, with a maximum of his twenty-first birthday.

{¶3}   On November 17, 2010, the juvenile court classified him as a Tier III Juvenile Sex Offender registrant. However, appellant thereupon appealed to this Court, arguing in pertinent part that if a delinquent child is committed to DYS, the determination of his status as a sexual offender is not to be made until he is released, pursuant to R.C. 2152.83(A). In response, the State conceded that the determination of whether J.B. should be designated as a juvenile offender registrant subject to classification and registration requirements had been premature. We vacated the classification order via an opinion and judgment entry issued September 6, 2011. *See In re: J.B.*, 5th Dist. Morrow No. 2011-CA-0002, 2011-Ohio-4530.

{¶4}   On June 28, 2013, appellant's 21st birthday, a hearing was conducted before the juvenile court. At this first hearing, the court noted appellant had been adjudicated a delinquent for a rape offense that would have been a felony of the first

degree if it had been committed by an adult, and he had been sent to the DYS until age 21. The court stated: "So now that he is released we are going through this procedure." Tr. at 5.

{¶5} Counsel for appellant argued at the first hearing that it was now too late to classify appellant as juvenile sex offender because it was his 21st birthday. Counsel admitted that "if he were here yesterday I would have nothing to say to this Court except to fight really hard to show this Court how well he did at DYS and argue for a lower classification." Tr. at 9. The court noted the fact that appellant was still in the custody of DYS on the date of the hearing. Tr. at 19. It stayed the order of classification until further order of the court, such that appellant did not then have a duty to start to register with the proper authorities. Tr. at 25.

{¶6} On March 19, 2015, a second registration hearing commenced. Appellant renewed his jurisdictional argument, and proposed modifying the registration to a Tier II. Appellant testified on his own behalf, telling the court he lived with his parents and worked in Lexington, Ohio, although he had had an OVI misdemeanor in 2014.

{¶7} On April 13, 2015, the juvenile court issued its sex offender classification entry. Regarding the jurisdictional issue, the court wrote: "The Court has already ruled on that matter and believes that the Court's ruling is correct under Ohio law, distinguishing between a dispositional matter involved in the juvenile case itself and the classification of a sex offender matter which took place prior to the release of the juvenile from the custody of the Department of Youth Services, in this case on his 21st" birthday." Judgment Entry at 1.

{¶8} Nonetheless, the juvenile court reduced appellant's classification from a Tier III to a Tier II sex offender, having noted *inter alia* that with the exception of an OVI conviction, appellant "at age 23 \*\*\* is functioning reasonably well in society with no indication of any sexual misconduct." *Id.* at 1.

{¶9} Appellant filed a notice of appeal on May 7, 2015. He herein raises the following two Assignments of Error:

{¶10} "I. THE MORROW COUNTY JUVENILE COURT ERRED WHEN IT DENIED J.B.'S MOTION TO VACATE HIS CLASSIFICATION AS A JUVENILE SEX OFFENDER REGISTRANT AS VOID, BECAUSE THE COURT LACKED JURISDICTION TO CLASSIFY HIM ON HIS 21ST BIRTHDAY. FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION; OHIO CONSTITUTION, ARTICLE I, SECTION 16.

{¶11} "II. THE MORROW COUNTY JUVENILE COURT ERRED WHEN IT CLASSIFIED J.B. AS A TIER II JUVENILE SEX OFFENDER REGISTRANT SUBJECT TO COMMUNITY NOTIFICATION. FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION; OHIO CONSTITUTION, ARTICLE I, SECTION 16."

I.

{¶12} In his First Assignment of Error, appellant contends the trial court erred in denying his motion to vacate his juvenile sex offender registrant classification on the basis of lack of jurisdiction. We agree.

{¶13} R.C. 2152.83(A)(1) states as follows:

The court that adjudicates a child a delinquent child shall issue as part of the dispositional order or, if the court commits the child for the

delinquent act to the custody of a secure facility, shall issue at the time of the child's release from the secure facility an order that classifies the child a juvenile offender registrant and specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code if all of the following apply:

(a) The act for which the child is or was adjudicated a delinquent child is a sexually oriented offense or a child-victim oriented offense that the child committed on or after January 1, 2002.

(b) The child was sixteen or seventeen years of age at the time of committing the offense.

(c) The court was not required to classify the child a juvenile offender registrant under section 2152.82 of the Revised Code or as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant under section 2152.86 of the Revised Code.

{¶14} In addition, R.C. 2152.02(C)(6) reads in pertinent part as follows:

{¶15} "The juvenile court has jurisdiction over a person who is adjudicated a delinquent child or juvenile traffic offender prior to attaining eighteen years of age until the person attains twenty-one years of age, and, for purposes of that jurisdiction related to that adjudication, except as otherwise provided in this division, a person who is so adjudicated a delinquent child or juvenile traffic offender shall be deemed a 'child' until the person attains twenty-one years of age. ***."

{¶16} Appellant in the case *sub judice* relies on *State ex rel. Jean–Baptiste v. Kirsch,* 134 Ohio St.3d 421, 983 N.E.2d 302, 2012–Ohio–5697, in which the Ohio

Supreme Court considered a juvenile court's jurisdiction under R.C. 2152.83(A)(1), *supra*. The Supreme Court stated in pertinent part: "Because Jean–Baptiste was released [from DYS] on the day that he turned 21 and because R.C. 2152.83 specifies that classification must occur when a child is released from a secure facility, the juvenile court patently and unambiguously lacks jurisdiction to classify Jean–Baptiste after his 21st birthday, when he was no longer a child." *Id.* at 429-430.

**{¶17}** We recognize that Jean-Baptiste's classification hearing was set to take place a few weeks after he turned twenty-one (*see id.* at ¶ 2, ¶ 5), whereas appellant herein was before the juvenile court for classification on his actual 21st birthday. However, even before the Supreme Court decided *Jean-Baptiste,* the Third District Court of Appeals determined that a juvenile court lacks jurisdiction to classify a juvenile offender as a sex offender registrant under R.C. 2152.83(A)(1) where the court conducted the classification hearing on the juvenile offender's twenty-first birthday and the next day. *See In re G.M.,* 3d Dist. Defiance No. 4-09-33, 2010-Ohio-2295, ¶ 4, ¶ 10, ¶ 18.

**{¶18}** In response, the State notes we have held that the operation of R.C. 2152.83 provides for the classification of juvenile sexual offender registrants after an offender's release from a secure facility such as ODYS, as this is not a new proceeding, but a continuation of the original delinquency case. *In re D.R.,* 5th Dist. Knox No. 13CA27, 2014–Ohio–588; *In re D.S.,* 5th Dist. Licking No. 13–CA–58, 2014–Ohio–867. However, a review of D.R. and D.S. reveals that those offenders were well short of their twenty-first birthdays at the time of classification; moreover, the critical issue in both cases was whether *maintaining* the classification after age twenty was a violation of due

process, rather than the question of the juvenile court's jurisdiction to decide the classification after the offender turns twenty-one. The State further mentions *In re I. A.,* 140 Ohio St.3d 203, 2014-Ohio-3155, but correctly notes that the Ohio Supreme Court therein analyzed R.C. 2152.83(B)(1), not (A)(1).

**{¶19}** The State also urges in response that in cases where an offender yet to be classified is held at DYS until he or she turns twenty-one, appellant's position imposes a "Catch-22" result. *See* Appellee's Brief at 6-7. In other words, a juvenile court has to wait until DYS release is complete in order to render a sex offender classification, but if such release occurs on or after the offender's 21st birthday, jurisdiction to classify is lost. However, we surmise the solution in such R.C. 2152.83(A)(1) cases is that juvenile prosecutors must take steps to arrange release and classification hearings before the twenty-first birthday deadline in order to comport with the General Assembly's statutory requirements.

**{¶20}** Accordingly, in light of *Jean-Baptiste*, because appellant herein turned twenty-one at the stroke of midnight on June 28, 2013, we hold the juvenile court lost jurisdiction to classify him as a juvenile sex offender, and his motion to vacate should have been granted.[1]

**{¶21}** Accordingly, appellant's First Assignment of Error is sustained.

---

[1] In so holding, we decline to follow our rationale in *In re B.D.,* 5th Dist. Guernsey No. 11-CA-27, 970 N.E.2d 1178, 2012-Ohio-2223, ¶ 15, which pre-dated *Jean-Baptiste.*

## II.

{¶22} In his Second Assignment of Error, appellant challenges the specifics of his Tier II juvenile sex offender registrant classification and corresponding community notification aspects.

{¶23} Based on our previous conclusions, we find the arguments in the Second Assignment of Error to be moot.

{¶24} For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Juvenile Division, Morrow County, is hereby reversed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

JWW/d 1224