[Cite as *In re S.D.*, 2023-Ohio-3039.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| IN RE: S.D. | : | APPEAL NOS. C-220603 |
| | | C-220604 |
| | : | C-220605 |
| | | C-220606 |
| | : | TRIAL NOS. 19-5152X |
| | | 19-5153X |
| | : | 19-5154X |
| | | 19-5155X |
| | : | |
| | : | *O P I N I O N.* |

Appeals From: Hamilton County Juvenile Court

Judgments Appealed From Are: Vacated

Date of Judgment Entry on Appeal: August 30, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee State of Ohio,

*Raymond T. Faller,* Hamilton County Public Defender, and *Jessica Moss*, Assistant Public Defender, for Defendant-Appellant S.D.

**WINKLER, Judge.**

**{¶1}** S.D. has appealed the judgments of the juvenile court classifying him, by nunc pro tunc entries, as a Tier II juvenile offender registrant under Ohio's version of the Adam Walsh Act. We vacate the judgments of the juvenile court imposing the Tier II classification, because we hold that the juvenile court had no jurisdiction to enter nunc pro tunc orders classifying S.D. after S.D. had turned 21, had completed his journalized disposition, and had been released.

## I.     Procedural Background

**{¶2}** S.D. was adjudicated delinquent for conduct that, if committed by an adult, would have constituted rape and importuning. S.D. admitted to the charges, which had also been presented to the grand jury in serious-youthful-offender ("SYO") proceedings. He was committed to the Department of Youth Services ("DYS") for a minimum of 36 months and a maximum not to exceed his 21st birthday. S.D. appealed his SYO sentence, which this court affirmed. On October 6, 2022, the state filed a motion to invoke the adult portion of the dispositional sentence. On October 27 and October 31, 2022, the juvenile court held a hearing on the state's motion as well as a juvenile-sex-offender-registration ("JSOR") hearing. On the record at the October 31 hearing, the state and S.D. agreed that he would be classified as a Tier II juvenile offender registrant. The juvenile court informed S.D. on the record of his registration duties. The court noted on the record that the JSOR hearing had to take place before S.D. turned 21 on November 1, 2022. Once S.D. turned 21, the initial classification could not take place.

**{¶3}** On October 31, 2022, the juvenile court issued an order denying the state's motion to invoke the adult portion of S.D.'s sentence. It is clear from the

transcript of the hearing that in denying the state's motion, the juvenile court took into consideration S.D.'s agreement to be classified as a Tier II juvenile offender registrant. The court's October 31, 2022 order did not mention any tier classification. It only denied the state's motion and ordered S.D. to be transferred back to DYS and then to be transported to the Hamilton County Justice Center by noon on November 1, 2022. The original explanation of duties to register was filed on October 31, 2022, in the case numbered 19-5155X (the appeal numbered C-220606), one of the importuning cases.

{¶4} On November 1, 2022, S.D.'s 21st birthday, the juvenile court issued an "Addendum to 10/31/2022 Judicial Entry" that stated that S.D. would be transported to the Justice Center "pending civil release" on that day to a civilian for transport to his residence in Kentucky.

{¶5} On November 2, 2022, the juvenile court journalized in each case a "Further addendum nunc pro tunc to 10/31/2022" that stated that the state and S.D. had agreed to a Tier II classification and that S.D. was classified as a "Tier II sex offender." The court's order stated that it had "reviewed and signed the JSOR form with SD during the hearing on 10/31/2022." A copy of the explanation of duties to register, which had been signed by S.D. and the juvenile court judge on October 31, 2022, was attached to the nunc pro tunc "addendum." The court's order was journalized in the rape case numbered 19-5152X (the appeal numbered C-220603), at 1:41 p.m. on November 2, 2022.

{¶6} On November 2, 2022, the state filed in this court requests to appeal the juvenile court's decision denying its motion to invoke the adult portion of S.D.'s sentence. Those requests for leave were filed between 1:41 p.m. and 2:01 p.m. Subsequently on November 2, 2022, between 3:06 p.m. and 3:07 p.m., the juvenile court journalized nunc pro tunc orders classifying S.D. as a Tier II juvenile offender registrant in the remaining three cases. This court denied the state's requests for leave

3

to appeal on December 5, 2022. We held that the appeals would be futile because we could not grant the state any relief as S.D. had turned 21 on November 1, 2022, and the juvenile court therefore had no jurisdiction to impose the adult portion of the sentence.

{¶7} On November 29, 2022, S.D. appealed the juvenile court's entries classifying him as a Tier II juvenile offender registrant.

## II. Analysis

{¶8} S.D. raises one assignment of error, which states that the juvenile court erred in imposing an initial Tier II classification on him through nunc pro tunc entries that were filed after S.D. had turned 21. S.D. argues that the juvenile court had no jurisdiction to impose an initial tier classification on him after he had turned 21. He also argues that the November 2, 2022 nunc pro tunc entries were not valid classification orders because they were not entered at the time of S.D.'s release from a secured facility, they were entered after S.D. turned 21, and they were entered after S.D. had completed his disposition and had been released. The state argues that S.D. agreed to the Tier II classification before he turned 21, and the juvenile court took that into consideration when refusing to invoke the adult portion of the sentence. The state also argues that the nunc pro tunc entries were proper to correct the record to reflect what had occurred at the hearing.

{¶9} Tier classification of juveniles under the Adam Walsh Act is punitive. *In re C.P.*, 131 Ohio St.3d 513, 2012-Ohio-1446, 967 N.E.2d 729, ¶ 11; *In re T.R.*, 1st Dist. Hamilton Nos. C-190165, C-190166, C-190167, C-190168, C-190169, C-190170, C-190171 and C-190172, 2020-Ohio-4445, ¶ 10.

{¶10} R.C. 2152.02(C)(6) states, "The juvenile court has jurisdiction over a person who is adjudicated a delinquent child or juvenile traffic offender prior to attaining eighteen years of age until the person attains twenty-one years of age." "The

language is straightforward. It states that juvenile courts have jurisdiction over adjudicated delinquents until they are 21 years old. The obvious flip side of that statement is that juvenile courts do not have jurisdiction over adjudicated delinquents once they are 21 years old." *In re J.V.*, 134 Ohio St.3d 1, 2012-Ohio-4961, 979 N.E.2d 1203, ¶ 23.

{¶11} In *In re J.V.*, J.V. was initially sentenced on June 17, 2005, when he was 17 years old. He received a blended sentence. The juvenile court failed to notify him about postrelease control and did not include postrealease control in its judgment entry. The Eighth District reversed, holding that the sentencing entry did not reflect the length of the sentence. J.V. was resentenced on January 5, 2007, when he was 18, and the juvenile court again failed to correctly impose postrelease control. J.V. did not appeal. On February 20, 2009, when J.V. was 20, the juvenile court imposed the adult portion of the sentence. The court again did not correctly impose postrelease control. On appeal, the Eighth District again reversed and remanded for resentencing. By this time, J.V. had turned 21. The juvenile court held a de novo sentencing hearing to correct the original juvenile disposition, which did not mention postrelease control. The Supreme Court held that the juvenile court had no jurisdiction to impose criminal punishment, including postrelease control, after J.V. had turned 21, and that the disposition entered after J.V. had turned 21 was void.

{¶12} In S.D.'s case, the juvenile court classified him as a Tier II offender and notified him on the record about his registration duties but failed to enter an order to that effect before S.D. turned 21 and before he completed his journalized disposition and was released.

{¶13} *In re J.V.* was cited by the Fourth District in *In re C.W.*, 2013-Ohio-2483, 991 N.E.2d 1167 (4th Dist.). C.W. was adjudicated delinquent for rape in June of 2005. In 2008, he was classified as a Tier III juvenile offender registrant. That

classification was vacated, and in March of 2010, he was again classified as a Tier III offender. The appellate court reversed the judgment and remanded the cause because the juvenile court had failed to appoint a guardian ad litem. On remand, C.W. was classified as a Tier I offender and he appealed. C.W. argued that the juvenile court had erred in applying the Adam Walsh Act to him because he was a Megan's Law offender, and that because he had turned 21, the juvenile court had no jurisdiction to reclassify him. The Fourth District held that the juvenile court had erred in classifying him under the Adam Walsh Act and that classification was void, but that he could no longer be classified because he had turned 21 and the juvenile court had lost jurisdiction over him, even though the juvenile court had held the initial and subsequent classification hearings before C.W. had turned 21. The juvenile court had no authority on remand to issue an order that corrected its mistake in the previous classification.

{¶14} In *State ex rel. Jean-Baptiste v. Kirsch*, 134 Ohio St.3d 421, 2012-Ohio-5697, 983 N.E.2d 302, the Ohio Supreme Court held that the juvenile court lacked statutory authority to conduct an initial juvenile-offender-registration hearing after the juvenile had fully satisfied the court's delinquency adjudication and had turned 21. The court stated that the juvenile court "patently and unambiguously" lacked jurisdiction to classify Jean-Baptiste once his juvenile disposition had been fully satisfied. The court stated,

> Because the juvenile court lacks statutory authority to classify Jean-Baptiste after he was released and the court's delinquency adjudication has been fully satisfied, we agree with Jean-Baptiste's first proposition of law as applied to this case and hold that the juvenile court lacks jurisdiction to classify Jean-Baptiste who is now no longer a "child" under the applicable statute.

6

*Id.* at ¶ 32.[1]  The Supreme Court noted that *Jean-Baptiste* was "in accord" with its decision in *In re Cross*, 96 Ohio St.3d 328, 2002-Ohio-4183, 774 N.E.2d 258, in which the court held that the juvenile court had no jurisdiction to reimpose a suspended commitment to a DYS facility after the juvenile had been released from probation, because "the completion of probation signals the end of the court's jurisdiction over a delinquent juvenile." *In re Cross* at ¶ 28.  "When the court ended Cross's probation, it ended its ability to make further dispositions as to Cross on that delinquency count." *Id.*

{¶15}  In S.D.'s case, S.D. had turned 21, had fully satisfied his juvenile disposition, and had been released before the juvenile court journalized the nunc pro tunc entries classifying him as a Tier II juvenile offender registrant.

{¶16}  The Fifth District applied *Jean-Baptiste* in *In re J.B.*, 5th Dist. Monroe No. 15 CA 0002, 2016-Ohio-98.  The Fifth District held that the juvenile court had no jurisdiction to classify the juvenile offender as a Tier III sex offender because on the date that the classification hearing had been held J.B. had turned 21.

{¶17}  The Ohio Supreme Court held, in *In re A.W.*, 160 Ohio St.3d 183, 2020-Ohio-1457, 155 N.E.3d 819, that the juvenile court lacked subject-matter jurisdiction when it entered the adult portion of the sentence where the juvenile court's order was not journalized until after the juvenile had turned 21.  The juvenile court had a hearing on the state's motion to invoke the adult portion of the sentence on May 22, 2017, one day before A.W. turned 21.  The court terminated the juvenile disposition and invoked the adult sentence on May 22, 2017.  But the order was not journalized until May 23, 2017, A.W.'s 21st birthday.  The Supreme Court held that because the clerk did not

---

[1] In *In re R.B.*, 162 Ohio St.3d 281, 2020-Ohio-5476, 165 N.E.3d 288, the Ohio Supreme Court held that where the initial classification had occurred before the juvenile turned 21, the juvenile's turning 21 did not divest the juvenile court of continuing jurisdiction over the classification.  The *R.B.* court distinguished *Jean-Baptiste* noting that *Jean-Baptiste* involved an initial classification, just as in S.D.'s case.

journalize the entry invoking the adult portion of the sentence until after A.W. had turned 21, the juvenile court lacked subject-matter jurisdiction over him and the order invoking the adult portion of the sentence was void.

{¶18} In the instant case, the nunc pro tunc orders classifying S.D. were journalized after he had turned 21.

{¶19} In *State v. Halsey*, 2016-Ohio-7990, 74 N.E.3d 915 (12th Dist.), an adult criminal case, the Twelfth District held that where the Tier III sex-offender classification had been omitted from the sentencing entry, the classification was void and could not be corrected after the defendant had completed his journalized sentence even though the defendant had been properly notified of the Tier III classification at sentencing. Halsey had been advised at the sentencing hearing that he would be classified as a Tier III sex offender and had been notified of his duties to register. He signed an "Explanation of Duties to Register" and was provided a copy of it. The journalized sentencing entry did not contain the Tier III classification. The Twelfth District stated that for a sanction to commence it first had to be imposed. "A sanction is imposed by the sentencing entry, not by what is said on the record during the sentencing hearing." *Halsey* at ¶ 26. Because the trial court had never imposed the classification, even though he had been notified at the sentencing hearing of the Tier III classification, Halsey had never been subject to the classification, and it could not be corrected by a nunc pro tunc entry after he had completed his journalized sentence.

{¶20} A court speaks only through its journal. *In re A.W.*, 160 Ohio St.3d 183, 2020-Ohio-1457, 155 N.E.3d 819, at ¶ 8; *In re D.J.*, 2018-Ohio-569, 106 N.E.3d 834, ¶ 23 (9th Dist.); *State v. Merritt*, 1st Dist. Hamilton No. C-170649, 2018-Ohio-4995. A sanction is imposed by the sentencing entry and not by what is said at the sentencing hearing. *Halsey* at ¶ 26; *Merritt* at ¶ 2. The inclusion of the tier classification in the

sentencing entry is mandatory. *Id.*; *State v. Hildebrand*, 1st Dist. Hamilton No. C-150046, 2018-Ohio-2962, ¶ 6.

{¶21} Here, the juvenile court did not enter the nunc pro tunc orders classifying S.D. until after he had turned 21. S.D. turned 21 and was released on November 1, 2022, and the court's orders were journalized on November 2, 2022. At that point, the court had lost jurisdiction over S.D. because he had turned 21, had completed his disposition, and had been released. The juvenile court's original orders did not impose the Tier II classification, even though the transcript of proceedings shows that at the sentencing hearing the court classified S.D. as a Tier II offender and notified him of his registration duties. Therefore, the classification had never been properly imposed. S.D. turned 21 and completed his journalized disposition so the classification cannot be corrected by nunc pro tunc orders. The court had no jurisdiction to enter the nunc pro tunc orders classifying S.D. after he had turned 21, completed his journalized disposition, and been released.

{¶22} S.D. also argues that the juvenile court lost jurisdiction to enter the November 2, 2022 orders because the state had filed requests for leave to appeal and the orders were not in aid of those appeals. Because we have held that the juvenile court had no jurisdiction to enter the nunc pro tunc orders after S.D. had turned 21, completed his journalized disposition, and been released, this argument is moot, and we decline to address it.

{¶23} The assignment of error is sustained. The juvenile court's nunc pro tunc orders classifying S.D. as a Tier II juvenile offender registrant are hereby vacated.

Judgments vacated.

**CROUSE, P.J.,** and **KINSLEY, J.,** concur.

Please note:
        The court has recorded its own entry this date.